Albert **HALEY**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 9439.

Missouri Court of Appeals,
Springfield District.

Nov. 28, 1973.

Norman L. Chadwick, Poplar Bluff, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, Dan Summers, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Appellant Albert Haley sought relief under Rule 27.26, V.A.M.R., from two consecutive four-year sentences entered on his pleas of guilty to burglary and stealing. Following an evidentiary hearing the Circuit Court of Ripley County denied appellant's motion. We affirm.

Appellant first claims his guilty pleas were involuntary because his employed attorney had promised and assured him that if he pleaded guilty to the charges the total of the two sentences would be four years. Furthermore, appellant claims, the guilty pleas were also tainted because they were induced by the conditions of the Ripley County jail that "were detrimental to his health and welfare" and he was suffering from a physical condition while so incarcerated and was refused and denied necessary medical and hospital attention by the sheriff.

The second contention advance by appellant is that he was denied and deprived of the effective assistance of counsel. He argues that his attorney failed to properly advise and confer with him prior to the pleas, that his attorney did not properly investigate the facts and circumstances of appellant's case, and, misled appellant as to the sentences he would receive on pleas of guilty.

Testimony of appellant and members of his family were received in support of the constitutional attack on the guilty pleas. However, the experienced trial judge [also the judge who received the guilty pleas and sentenced appellant] did not believe this testimony. Instead, the court accepted the testimony of appellant's former attorney, the sheriff's testimony, and the transcript of the proceedings at which appellant entered his pleas and was sentenced. This evidence was in direct conflict with and contradictory of that offered by appellant.

In a Rule 27.26 proceeding the allegations of a motion to vacate and set aside a judgment of conviction are not self-proving [Ward v. State, 451 S.W.2d 79 (Mo.1970)] and one seeking the benefit of this rule is cast with the burden of proving his grounds for relief by a preponderance of the evidence. Collins v. State, 450 S.W.2d 186 (Mo.1970). The hearing court has the right and duty to pass upon the credibility of the witnesses it hears [State v. Shields, 441 S.W.2d 719 (Mo. 1969)] and the scope of our review on appeal is limited to a determination of whether the findings, conclusions and judgment of the lower tribunal are clearly erroneous. Moore v. State, 488 S.W.2d 266 (Mo.App. 1972).

The transcript of the guilty pleas [September 21, 1971] and sentencing [October 19, 1971,—following a pre-sentence investigation] contradicts appellant's charge that his pleas were involuntary because of alleged promises and assurances made to him by his attorney. Before ac-

cepting the pleas the trial judge interrogated appellant at length and duly complied with Rule 25.04 before accepting the pleas. The judge made specific inquiry of appellant as to whether any promises had been made to him, by anyone, to induce the pleas and appellant answered "No, sir." The court further pointed out to the appellant that the matter of fixing punishment and the granting of probation or parole was entirely up to the court and "nobody else had anything to say about that." To this the appellant replied that he so understood. We also observe from our review of the plea-sentencing transcript that appellant did not at any time voice any complaints in regard to the condition of the Ripley County jail, his physical condition, or having been denied medical or hospital attention.

At the evidentiary hearing, at the outset of appellant's testimony, his court-appointed counsel asked him the following question: "Q. Now, would you tell the Court the grounds that you have filed here, why you have moved that the Court review this trial. And what your basis for this Motion is?" To this the appellant replied: "A. I filed this 27.26 on incompetent lawyer because [his attorney] said I would get four years on a plea of guilty. *He said he would ask for two and two to run concurrently* and that is the reason I filed my Motion because he promised me four years." (our emphasis). At another point in his testimony the appellant said that his lawyer told him that "[T]he prosecutor wouldn't go along with his [attorney's] recommendation for four years."

In our view the trial court's finding on the issue of the voluntariness of appellant's pleas was not clearly erroneous and in our opinion "A review of the record of the proceedings at the time the pleas were entered demonstrates clearly that they were made voluntarily with understanding of the nature of the charge, sufficient 'to insulate the plea[s] from subsequent attack in collateral proceedings.'" Simpson v. State, 487 S.W.2d 512, 514 (Mo.1972).

We reach the same conclusion as to appellant's second charge against his former attorney. Appellant admitted he and the attorney conferred on at least four occasions prior to the pleas being entered. It was undisputed that the attorney represented appellant at a preliminary hearing and from that hearing and subsequent inquiries the attorney acquired knowledge of the following matters: part of the stolen property which formed the basis for the pending charges was found in the car in which appellant was apprehended; appellant had confessed the crime to officers, as had his two accomplices; stolen property from a separate burglary at Summerville was found in the car and appellant had admitted his involvement in that crime as well as another burglary and stealing offense in Doniphan. Furthermore, appellant was then on probation for burglary and stealing from a circuit court in the St. Louis area.

Based upon the foregoing facts and circumstances the attorney recommended to the appellant that if the state would forego prosecution on the Summerville and remaining Doniphan burglaries he (appellant) should plead guilty to the current charges because in the attorney's opinion a jury would convict him on these charges and he would face further prosecution in the future for the other burglaries. After the prosecuting attorney had agreed to drop the other charges the appellant entered his pleas of guilty. At the time of the pleas appellant's attorney asked the court to give consideration to probation for the appellant and if this request was denied that appellant be sentenced to two-year sentences [minimum] on each charge with the sentences to be served concurrently. The prosecutor did not make a recommendation to the court nor was one solicited and the judge referred the matter to the parole officer for a pre-sentence investigation and report.

Our examination of the record discloses a notable lack of evidence to support appellant's conclusionary assertion that he

was denied effective assistance of counsel. On the contrary, as we have demonstrated, the evidence adduced on this issue refutes appellant's contention.

The trial court's findings, conclusion and judgment being not clearly erroneous, its judgment is affirmed.

TITUS, C. J., STONE, J., and Mc-HANEY, Special Judge, concur.

HOGAN, J., not sitting.