**James Robert BYRD, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. KCD 27246.**

Missouri Court of Appeals,
Kansas City District.

March 3, 1975.

William E. Erdrich, Asst. Public Defender, 5th Judicial Circuit of Missouri, St. Joseph, for appellant; Daniel L. Radke, of counsel.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

On June 4, 1973, appellant entered a plea of guilty to a charge of robbery in the first degree before the Honorable Frank D. Connett, Judge of Division Three of the Fifth Judicial Circuit of Missouri. Sentencing was deferred pending the receipt of a presentence investigation report. On July 18, 1973, the matter of sentencing, and the consideration of appellant's request for parole, came on for hearing. Thereafter, the court sentenced appellant to 20 years imprisonment in the Department of Corrections.

On October 17, 1973, appellant filed a pro se motion to vacate, set aside or correct his conviction and sentence under Rule 27.26, V.A.M.R. After appointment as appellant's counsel, the Public Defender filed an amended petition under Rule 27.26. The latter petition alleged that (1) appellant pleaded guilty without a full understanding of the consequence of the plea; that he did not understand that the judge

was the sole authority in rendering the judgment (and that the court's record affirmatively shows this to be true); that (2) his attorney was ineffective in failing to bring to the attention of the court at the *time of the plea* the fact that he was instrumental in foiling a jailbreak; nor did his attorney bring that fact to the attention of the investigating parole and probation officer during the time the presentence investigation was being made.

Judge Connett disqualified himself from hearing the motion under Rule 27.26, and it was transferred to the Honorable Fred E. Schoenlaub, Judge of Division Two of the circuit. After hearing evidence, the motion was overruled. By Point I, appellant says the court erred in failing to make findings of fact and conclusions of law on all issues, namely the second allegation in the pro se motion that his sentence was unconstitutional and violative of due process of law because on one of the "priors" (previous offenses) the court considered in imposing sentence movant did not have counsel, nor did he intelligently waive counsel on that prior conviction. The matter of appellant's previous offenses first came up at the time his guilty plea was entered on June 4, 1973. He was asked by the court whether he had ever been in trouble with the law before, and his answer was "Quite a bit." He had never had a jury trial, but had been in the penitentiaries of Missouri, Nebraska and Iowa, having pleaded guilty every time. At the time of sentencing, the court stated it had considered the presentence investigation report, in which appellant stated to Mr. Whitman (the probation and parole officer), that he had been previously convicted. Evidence was heard concerning appellant's acts in thwarting a jailbreak. The court advised appellant that because of his history his first inclination was to give him a life sentence, but that because he had pleaded guilty he next determined to sentence him to 40 years imprisonment. However, because of appellant's assistance to the sheriff, and in preventing someone

from getting hurt in the jailbreak incident, the court decided to cut the latter figure in half, and appellant was sentenced to 20 years imprisonment and probation was denied.

Appellant's pro se motion alleges that he had three prior convictions. As noted, he admitted to three separate imprisonments in the Missouri, Iowa and Nebraska penitentiaries. He alleges that it was only one of these convictions that he was without counsel—that of Nebraska, which was a 2 year sentence for breaking and entering in 1949. Yet, despite that allegation, appellant's testimony on the hearing of his motion under Rule 27.26 was equivocal as to whether he had counsel on the 1949 conviction: "Q. Can you recall whether or not you had counsel when you were charged with, I believe you termed it a crime of breaking and entering in the state of Nebraska back in 1949? A. I am quite sure I didn't. Q. Is it possible the court, at the time you were charged in Nebraska, appointed counsel for you to represent you? A. It might be, I don't know. Q. You are not sure you didn't have counsel? A. No, I am not really."

▉ Certainly, the matter of appellant's previous commitments to the penitentiaries of Missouri, Iowa and Nebraska, were before the court by reason of appellant's statement to the court that those incarcerations were the result of convictions under guilty pleas. The question is whether court impermissibly gave "explicit attention" to those convictions in sentencing appellant. See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). In the present Rule 27.26 proceedings the burden was upon appellant to show that he was without counsel on those convictions. No documentary evidence was presented in the hearing that would even suggest that appellant had no counsel on the Missouri and Iowa convictions, nor even as to the Nebraska conviction referred to in appellant's testimony. Considering appellant's equivocal testimony as to

whether he had counsel on the Nebraska conviction, the evidence is insufficient to support any conclusive determination that the Nebraska conviction was constitutionally invalid. From a reading of the record this issue is capable of being determined by this court without a remand for an additional finding thereon, which appellant contends should be done. Bradley v. State, 494 S.W.2d 45, 49 (Mo.1973), where it was said, "While the findings and conclusions are no model and entirely omit any consideration of the issue of discriminatorily harsh punishment they are sufficient on the central issue—whether the plea of guilty was entered voluntarily, knowingly and understandingly—and we have been able to determine the other issues without further remand for additional findings." The trial court's general overruling of the motion is sufficiently apparent in the record to provide a basis for appellate review of the allegation of appellant's pro se motion. Smith v. State, 513 S.W.2d 407, 412 (Mo. banc 1974). See also Hogshooter v. State, 514 S.W.2d 109 (Mo.App.1974). Appellant's Point I, raising the contention, is overruled.

 As to allegations (1) and (2) of appellant's amended motion, the record shows these facts: At the time of the guilty plea, appellant stated that it was correct, as his counsel stated, that he wanted to plead guilty. He was asked if he knew what a jury trial was, and he answered, "Yes, I have an idea." The court then made a detailed explanation to appellant as to the meaning of a jury trial: That 12 people would be brought in to try his case; if he pleaded guilty he was waiving his right to a jury trial; "You won't have a jury trial"; that if a jury trial were had, the prosecuting attorney would have to bring in witnesses to face appellant, and his counsel could bring witnesses, and if the jury did not believe the state's case beyond a reasonable doubt, appellant would be convicted and the jury would set his punishment; by pleading guilty, there would be no witnesses, no cross-examina-

tion; and the court would set his punishment. The prosecuting attorney stated that the charge was robbery in the first degree, and the court stated that the punishment ran anywhere from 5 years to life, and "Now, knowing all of this, do you still wish to plead guilty. MR. KRANITZ: Yes. I have—I read to you the statute, did I not? THE WITNESS: Yes." Appellant then stated that no one promised him any particular sentence in order to get him to plead guilty, and that no one had threatened him in any way. The court then found that his plea was voluntary.

At the hearing, appellant testified that his counsel told him that he could get him 5 years, and that counsel told him how to answer the court's questions. In his testimony, counsel denied that he ever told appellant that he would get any specific sentence, or probation or parole, or that he told him how to answer the court's questions. These matters of credibility were of course for the trial court to determine Haley v. State, 503 S.W.2d 42 (Mo.App. 1973). The record shows that the court advised appellant that if he pleaded guilty, the court would set the sentence; and further the record shows that the prosecuting attorney would, and did not, make any recommendations. Counsel testified that he did not advise appellant of what the court would do because, "I would have no way in the world of being able to assure him of what the Court would do."

 With respect to appellant's allegations that his counsel was ineffective in bringing to the court's attention *at the time of the plea* the fact is that appellant was instrumental in preventing a jailbreak. It could in no way affect appellant's guilt or innocence of the crime charged of robbery in the first degree that he did something while in jail which would be to his credit. It suffices here that the evidence was brought out, through the efforts of appellant's counsel, and the fact was firmly established that appellant did assist in preventing a jailbreak. What is important is

that it was brought to the attention of the court at the time of sentencing and was by it considered to the extent that the sentence was cut in half from what the court had in mind.

Under the facts, the court's findings that appellant had full understanding of the consequences of his plea, that his counsel was not ineffective in representing appellant, and that no promises were made to him concerning the sentence, and the overruling of appellant's motion are not clearly erroneous. Crosswhite v. State, 426 S.W. 2d 67 (Mo.1968).

The judgment is affirmed.

All concur.