Huncy ALLEN, Appellant,

v.

STATE of Missouri, Respondent.

No. 38367.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Nov. 14, 1979.

Toby H. Hollander, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant Huncy Allen appeals from the denial after an evidentiary hearing of his Rule 27.26 motion for post-conviction relief. Movant had entered a guilty plea to a charge of receiving stolen property of a value of at least fifty dollars. The movant was charged under the Second Offender Act. After the plea, movant was sentenced to six years in the Department of Corrections.

Movant contends that in denying his motion for post-conviction relief the court

erred in two respects: (1) that his counsel did not adequately investigate the facts or law applicable to appellant's case as to value and informed appellant of the incorrect standard of value of the money orders, thereby depriving movant of the ability to make a knowing and voluntary waiver of his right to trial; and (2) that there was not a sufficient factual basis of the value of the stolen money orders to warrant movant's plea of guilty to the charge of receiving stolen property of a value of at least fifty dollars, and consequently his plea of guilty thereto deprived him of due process of law. We find these issues against movant and affirm.

This appeal is based primarily upon the challenged value of the stolen property which movant allegedly received. He does not deny that he received the money orders knowing that they were stolen. The state indicated at the guilty plea hearing that its evidence would show that on August 22, 1974, based on an informant's tip, the police discovered 9,000 money orders in movant's apartment which had been stolen from a United Parcel Service truck on July 12, 1974. The state alleged that the value of the paper was $233. At the plea hearing the court extensively questioned movant and before the plea was accepted, discussed the matter of the value of the property. The court recessed during the hearing to let movant's attorney confer with him further as to this point. The hearing continued and the court accepted defendant's plea of guilty. The court sentenced movant to serve a term of six years in the department of corrections. This was the sentence recommended by the state, the recommendation of which movant was aware.

Approximately three months after the guilty plea hearing, Allen filed this Rule 27.26 motion. At the 27.26 hearing, Allen's attorney called a witness who testified that one ton of money-order forms would be worth $5.00 and that the 9,000 money orders represented substantially less than one ton. The Circuit Attorney called an officer of the owner of the money orders, who testified that his company paid $233 for the money orders. At the 27.26 hearing, Allen's attorney indicated that he had consulted with movant some six times, informing him that the value of the stolen items could "go either way" when presented to a jury. He had by discovery received a copy of the Grand Jury testimony and he knew what the state's evidence would be as to value. He had not researched the matter but had talked to other lawyers and had determined that the issue of value was a jury question.

Point one on appeal relates to the ineffectiveness of counsel and the voluntariness of movant's plea. After a guilty plea, the incompetence of counsel is material only to the extent that it bears on the voluntariness of the plea. *State v. Garrett*, 510 S.W.2d 203, 206[4–7] (Mo.App.1974).

If the question of whether the value of these money orders was at least fifty dollars was for the jury, then both of movant's points are without merit. We believe that in property such as this which does not have a ready market value, evidence of its cost to the owner is sufficient to create a jury question as to its value. See *State v. Matzker*, 500 S.W.2d 54 (Mo.App.1973). Movant did not testify at the hearing and the court chose to believe his attorney's testimony that he had gone into the matter of value with movant and told him that it could go either way. Our scope of appellate review is limited to whether the findings of the lower court were clearly erroneous. *Haley v. State*, 503 S.W.2d 42, 44 (Mo.App. 1973). Moreover, on review we are to defer to the trial court's determination of the credibility of witnesses unless there appears a clear and convincing abuse of discretion. *Lahmann v. State*, 509 S.W.2d 791, 794 (Mo. App.1974).

With these principles in mind we find no error and affirm the order of the trial court.

Affirmed.

GUNN and CRIST, JJ., concur.