**Gerald Leroy CONWAY, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 43671.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 17, 1981.

Motion for Rehearing and/or
Transfer Denied
Jan. 15, 1982.

Application to Transfer Denied
Feb. 16, 1982.

William Shaw, Public Defender, Glenn Hunt, Jane B. Phillips, Asst. Public Defenders, Clayton, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Brian P. Seltzer, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his 27.26 motion after an evidentiary hearing. We affirm.

On November 3, 1976, movant entered an Alford plea [1] to the charges of assault with intent to kill, first and second degree burglary, stealing, and flourishing a dangerous and deadly weapon. The trial judge sentenced movant to a term of 18 years for assault and to equal or lesser terms for the other offenses, all sentences to run concurrently. These sentences were also to be served concurrently with a 14 year sentence he was serving at the time of his plea.

In movant's amended Rule 27.26 motion he included an allegation of ineffective assistance of counsel. The motion states three grounds to support this allegation: (1) that movant's attorney saw him for the first time on the day of trial; (2) that the attorney told him he would be better off pleading guilty than going to trial; and (3) that the attorney refused to move for a change of judge. An evidentiary hearing was held at which movant, his mother and his attorney testified. The court had before it a transcript of movant's plea proceedings.

The court denied movant's motion and, in its findings of fact and conclusion of law, found that the reasons for movant's plea of guilty were: (1) fear that a jury would assess a sentence of life imprisonment if movant went to trial and (2) that movant's witness, when contacted by his attorney, indicated she would not be able to provide movant with an alibi.

■ A claim for post-conviction relief based on alleged ineffective assistance of counsel requires a showing that the attorney's conduct did not conform to the customary skill and diligence of a reasonably

1. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

competent lawyer rendering similar services and that prejudice resulted. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979). Furthermore, movant's allegations of ineffective assistance may only be reviewed as to their effect on the voluntariness of the guilty plea. *Barylski v. State*, 473 S.W.2d 399, 402 (Mo.1971). We defer to the trial court in matters of credibility, *Allen v. State*, 588 S.W.2d 1 (Mo.App.1979), and limit our review to whether the trial court's findings and conclusions are "clearly erroneous." Rule 27.26(j).

■ We have reviewed the record and conclude that the trial court's determination that the alleged inadequacies were not the reason for the guilty plea is not clearly erroneous. An extended opinion would have no precedential value. Hence, in accordance with Rule 84.16(b), we affirm.

SNYDER and CRIST, JJ., concur.

