Lester Leo ABRAMS, Plaintiff-Appellant,

v.

STATE of Missouri, Defendant-Respondent.

No. 36049.

Missouri Court of Appeals,
St. Louis District,
Division 3.

March 18, 1975.

---

Fred Rush, Public Defender and Michael A. Turken, Asst. Public Defender, St. Charles, for plaintiff-appellant.

David A. Dalton, Pros. Atty. and Ronald L. Boggs, St. Charles, John C. Danforth, Atty. Gen. and K. Preston Dean, III, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

SIMEONE, Presiding Judge.

This is an appeal by movant, Lester Leo Abrams, from an order of the circuit court of St. Charles County on February 21, 1974, denying appellant's motion to vacate sentence under Rule 27.26, V.A.M.R. We affirm.

The movant, Mr. Abrams, pleaded guilty in December, 1971, to charges of burglary and stealing and received a sentence of six years on the burglary charge and four years on the stealing charge to run consecutively. Prior to this plea, he had pleaded guilty "seven or eight" times previously to "burglary and larceny." In his motion to vacate, he contends that the plea to burglary and stealing on December 15, 1971, was made and accepted in violation of his constitutional rights in that the plea was not voluntary; that the plea was a product of coercion and made without an understanding of the nature and elements of the charge; that it was made without informing him of the range of punishment and was made with ignorance, inducements and

"subtle or blatant" threats. His second and perhaps principal contention is that a "plea bargain" made by counsel and the prosecutor was "unkept" and "by such [he] was induced to plead guilty. That the plea bargain for á sentence of four years was not kept by the court." Movant expected to receive four years on each charge to run concurrently.

Hearing was held on the motion February 21, 1974. At the conclusion of the hearing, the trial court denied the motion and made findings of fact and conclusions of law. The court found that movant changed his plea of not guilty to guilty on the day of trial, that movant was advised of his rights, that the plea was voluntarily and intelligently made with a full understanding of the nature of the charge after movant had been informed of the range of punishment, and that the plea was not induced by subtle or blatant threats.

As to the issue that movant would receive four years concurrently, the court found that, while there was an agreement between defense counsel and the prosecutor that the prosecutor would recommend four years, the movant understood that the court was not bound to accept the recommendation, and hence was not induced to plead.

Despite all the numerous allegations in the motion to vacate that the plea was made and accepted in violation of his constitutional rights, the main thrust of the motion and the evidence at the hearing showed that his "main reason" for the motion was to "try to get the four to run concurrently with the six."

Upon denial of the motion, movant appealed. On appeal movant contends that the trial court erred (1) in finding that the plea was made with full understanding of the nature of the charge, and (2) in finding that no inducements either "subtle or blatant" were made to the petitioner.[1]

After reading the full transcript, the motion to vacate, the briefs of the parties and the authorities relied upon, we are convinced that the trial court was not clearly erroneous in denying the motion and there is no manifest injustice.

■■■ The record clearly shows that the movant understood the nature of the charge, that his attorney advised him of the range of punishment, that no threats or promises were made and that the plea was voluntarily and intelligently made. The record shows that movant stated that he was guilty of "burglarizing" a lumberyard and stated facts as to the offenses of burglary and stealing, how he broke in, what was taken and other details. This is sufficient to show that the accused was aware of the nature of the offense. Jones v. State, 471 S.W.2d 223 (Mo.1971). There is no requirement that the court explain each technical element of an offense. It is sufficient if the accused has an understanding of the nature of the charge, and when the facts are recited this is sufficient to show understanding of the nature of the charge. Jones v. State, supra, 471 S.W.2d at 228. There was evidence that the attorney explained the range of punishment. Furthermore, a circumstance which is evidence of an awareness of the range of punishment is the fact that an accused had previously pleaded guilty to the same of-

1. The argument expands on the points: The contentions are that (1) having pleaded guilty seven or eight times previously and the recommendations having been followed, movant expected that he would receive the sentence as recommended (four years to run concurrently); (2) he was never advised of the "elements" of the offense; (3) he was not advised of the "nature" of the charge; (4) the plea was made without a full understanding of the "nature" of the charge and that he was "induced" to plead guilty because if he did not the state would amend the information and his punishment would be "unlimited."

fense. State v. Conner, 500 S.W.2d 300, 304 (Mo.App.1973).

■ There were no threats or promises so as to make the plea involuntary. The expectation that movant would receive a concurrent or lighter sentence does not make a plea involuntary. A disappointed hope of a lesser sentence than that actually received does not render a plea involuntary. Mick v. State, 487 S.W.2d 452, 454 (Mo.1972); McNeal v. State, 503 S.W.2d 19, 24 (Mo.App.1973); Brown v. State, 485 S.W.2d 424, 430 (Mo.1972); Day v. State, 516 S.W.2d 53, 54 (Mo.App.1974); Williams v. State, 508 S.W.2d 211, 215 (Mo.App.1974). The record shows that movant understood that the court would not be bound by a recommendation of the prosecutor.[2] The fact that movant received sentences in the past as recommended does not guarantee that he will receive the recommended concurrent sentence. That does not make the plea involuntary.

We hold that the trial court correctly found that there was no violation of movant's rights, that the movant understood the nature of the charge and the range of punishment, that the plea was voluntarily and intelligently made, that there were no coercion or inducements either "subtle or blatant" and that there was no promise made concerning the court's acceptance of any recommendation. There was no promise that the court would be bound by any recommendation. In short, the findings of the trial court that the plea was made voluntarily and with understanding of the nature of the charge were not clearly erroneous, Rule 27.26(j), and no manifest injustice appears.

The order denying the motion to vacate is therefore affirmed.

McMILLIAN and GUNN, JJ., concur.

2. ". . . [B]ut do you understand that the Court alone determines your punishment? ANSWER: 'Yes, sir.' Do you recall that question and answer?
   A. Yes, sir, I do."

". . . 'QUESTION: Do you understand that the Court is not bound to accept the recommendation of either the State or your attorney? ANSWER: Yes, sir.'"