**James Edward MORRIS,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38172.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 5, 1977.

Motion for Rehearing or Transfer
Denied June 9, 1977.

Sestric, McGhee & Miller, Cynthia S. Holmes, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., W. Mitchell Elliot, Jefferson City, George A. Peach, Circuit Atty., Marion G. Eisen, Asst. Circuit Atty., St. Louis, for respondent.

WEIER, Judge.

Following an evidentiary hearing, the trial court overruled movant James Edward Morris' Rule 27.26 motion to vacate judgments and sentences which had been imposed when movant entered pleas of guilty to charges of robbery first degree by means of a dangerous and deadly weapon and assault with intent to kill with malice. Movant is presently serving two concurrent twelve year sentences for these offenses. We affirm.

■ Movant seeks reversal contending first, that he was denied adequate assistance of counsel and second, that his guilty pleas were not voluntary "due to the inhumane conditions under which he was incarcerated in the St. Louis City Jail and workhouse and due to the inadequate legal representation given defendant-appellant." Once a guilty plea has been entered, the adequacy of counsel's representation is only reviewable to the extent that it affects the understanding and voluntariness of the plea. *Guilbeaux v. State,* 544 S.W.2d 855, 856[2] (Mo.App.1976).

■ At the evidentiary hearing afforded movant, his testimony and the testimony of his counsel were adduced. His attorney testified he had attempted to find two witnesses suggested by movant but could not locate them. He had discussed the facts with the complaining witness Larry Ahart. This man informed counsel that he was shot in the back while he was lying face down and when he looked up, Morris was standing in back of him with a gun in his hand; that Morris had taken his money. Counsel did not advise movant to plead guilty but expressed his opinion that Morris would be convicted by a jury and that he would be given a severe sentence if he went to trial. The court determined that movant was adequately represented by counsel and that conditions under which movant was held in

the jail and workhouse were not inhumane so as to cause him to enter pleas of guilty. This determination was supported by the evidence and is not clearly erroneous.

At the guilty plea proceedings movant indicated that he was satisfied with the advice of counsel and that he was aware of the constitutional rights he was waiving. Movant indicated that no one had coerced or forced him to plead guilty and that he was guilty of the offenses charged. The assistant circuit attorney stated that the facts of the offenses were that Larry Ahart the victim was attacked and robbed at gunpoint by movant and another man and that Ahart was shot by movant. Movant admitted that the facts as related by the prosecutor were true and correct, except he stated his companion, rather than movant, fired the shot.

Movant's allegation that his guilty pleas were not voluntary is refuted by the transcript of the guilty plea proceedings. *Smith v. State*, 513 S.W.2d 407, 411[4, 5] (Mo. banc 1974), cert. den., 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Winston v. State*, 533 S.W.2d 709, 715[11] (Mo.App. 1976). Movant has not carried his burden of proof to show how he was prejudiced by his counsel's alleged failure to further investigate the case or file motions to suppress identification and request a speedy trial. *Guilbeaux v. State, supra* at 856[3]; *Stewart v. State*, 542 S.W.2d 544, 546[4] (Mo.App.1976). Furthermore, "mere incarceration prior to trial does not constitute such coercion as to render a plea involuntary," *Coleman v. State*, 542 S.W.2d 53, 55[7] (Mo.App.1976), and movant has not demonstrated that the finding of the trial court that movant was not subject to cruel and unusual punishment while in the City Jail is clearly erroneous. *Crosswhite v. State*, 426 S.W.2d 67, 70[1] (Mo.1968); Rule 27.26(j). Movant has not met his burden of showing the trial court was clearly erroneous in finding his guilty pleas were knowingly and voluntarily made.

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.