**Merel R. TAYLOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 28921.**

Missouri Court of Appeals,
Kansas City District.

Oct. 31, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

WASSERSTROM, Judge.

Defendant appeals from a denial of his motion under Rule 27.26 to vacate sentences aggregating 25 years entered upon his pleas of guilty. The sole ground urged by defendant for reversal is that his guilty pleas were involuntary in that he believed subjectively that the sentencing court was bound to accept a plea bargain that the sentences would total only ten years.

The charges against defendant arose out of two different incidents. The offenses alleged consisted of two counts of assault with intent to kill with pistol with malice and one count of assault with intent to rob with malice. Defendant's retained counsel

and the prosecuting attorney negotiated an agreement for defendant to plead guilty in return for which the prosecution would recommend that defendant receive ten (10) years on each of three counts, to run concurrently. Defendant testified that before the pleas of guilty were actually entered, his attorney stated to him "that the Court might not be bound by the recommendation" but that defendant "would get two ten-year sentences run together and they would total up to one." Defendant also offered into evidence a letter written to him by his attorney shortly after the hearing before Judge Sprinkle on accepting the guilty pleas in which the attorney stated "that the problem is that Judge Sprinkle is not bound by any recommendation" but then went on to state "that it is the custom of most judges to follow closely the recommendation of the State, especially when the defendant is a first-time offender as is the case with you."

At the hearing on the guilty pleas held before Judge Sprinkle, the court inquired whether defendant knew the range of punishment and defendant answered that he knew that range to be "two to life" on each count. In response to further questioning by the court, defendant acknowledged knowing that the court was not bound by the recommendation which had been made by the prosecutor. Immediately after making those acknowledgments, defendant told Judge Sprinkle that he nevertheless wanted to plead guilty. Notwithstanding the agreement which had been reached between the defense and the prosecution and the recommendation made by the prosecutor pursuant to that agreement, Judge Sprinkle sentenced defendant to ten years' imprisonment on each of two counts, and five years on the third count, those sentences to run consecutively.

Subsequent to those sentences being imposed, defendant filed his present motion under Rule 27.26, and a hearing was held before Judge Stubbs. Evidence was received, including defendant's testimony that it was his belief at the time he pleaded guilty that Judge Sprinkle had to follow the recommendation of the prosecuting attorney. After the conclusion of that hearing, Judge Stubbs filed findings of fact and conclusions of law in which he concluded: "Movant could not have justifiably relied on any impressions that he would receive sentences in accordance with the prosecutor's recommendation when he was clearly informed during the proceeding and before the plea was accepted of the range of punishment for each crime, and the fact that the court was not bound to follow any recommendation."

Defendant's expectation that he would receive concurrent sentences on the three counts is not controlling. A disappointed hope of a lesser sentence than that actually received does not make the pleas involuntary. The record here clearly shows that defendant understood that Judge Sprinkle would not be bound by a recommendation of the prosecutor. *Abrams v. State,* 521 S.W.2d 177, l. c. 180 (Mo.App.1975) and cases there cited. Even though defendant's trial attorney may have given a strong opinion that Judge Sprinkle was likely to adopt the recommendation, such opinions "do not make a plea involuntary when the attorneys' opinions are offered with the warning the court need not accept their recommendations." *State v. Bonds,* 521 S.W.2d 18, l. c. 21 (Mo.App.1975). Furthermore, the attorney's warning here was fortified by the court's questioning at the plea hearing by which the court made certain that defendant understood the court would not be bound to accept the recommendation.

The findings, conclusions and judgment of the trial court are not clearly erroneous. Therefore, pursuant to the dictate of Rule 27.26(j), the judgment denying defendant's motion is affirmed.

All concur.