Larry GILMORE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 40343.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 21, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 16, 1979.

Application to Transfer Denied
April 10, 1979.

Gary L. Robbins, Public Defender, Jackson, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Brenda Farr Engel, Asst. Attys. Gen., Jefferson City, Bradshaw Smith, Pros. Atty., Cape Girardeau, for respondent.

CRIST, Judge.

On November 7, 1977, movant pled guilty to armed robbery. He was sentenced to a prison term of fifteen years.

Movant has now appealed denial of his Rule 27.26 motion without a hearing. He claims that he was deprived of effective assistance of counsel in that counsel failed to adequately investigate his case, did not interview defense witnesses, including his alibi witness, and in general failed to explore the defense of alibi. He also claims that counsel misrepresented to him that his "co-defendant and potential 'alibi' witness" would testify for the State.

■ The appeal must be denied. These contentions come within the rule that once a guilty plea has been entered the effectiveness of counsel is reviewable only to the extent it affected the voluntariness and understanding of the plea. *Morris v. State*, 552 S.W.2d 243 (Mo.App.1977). Contentions such as these relative to failure to interview witnesses and statements concerning evidence that would have been introduced at trial have been held not to warrant vacation of a plea otherwise voluntarily and understandingly made. *See Bolin v. State*, 552 S.W.2d 58, 59 (Mo.App. 1977); *Taylor v. State*, 539 S.W.2d 589, 590 (Mo.App.1976).

■ The record further shows that an evidentiary hearing was not required because movant's allegations were refuted by the plea hearing record in the trial court. *Perry v. State*, 565 S.W.2d 464 (Mo.App. 1978). At the guilty-plea proceeding the court meticulously established that defendant knowingly, understandingly, and voluntarily entered his plea of guilty. He was represented both by his own retained counsel, an Illinois lawyer, and by a public defender appointed by the court to insure the presence of a local lawyer. At the hearing movant stated that he was guilty of the charge of armed robbery in that he had participated in its planning, he had furnished a gun to his accomplice, that he was to be entitled to a share of the profits, and that he was about a block away at the time of the actual robbery. He acknowledged that his attorney had done all that he had wanted him to do and that he was satisfied with his services. He had not been threatened or forced in any way and his plea of guilty was freely and voluntarily entered. Movant, in addition, presented a verified petition to the trial court in support of his statements made at the plea hearing. It recounted his satisfaction that retained counsel had done all that he could in the case and that defendant had joined in the planning and preparation of the armed robbery.

Movant relies on *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973). However, in *Fontaine* the defendant was not represented by counsel at the guilty-plea proceeding. Further, petitioner therein alleged direct acts of coercion going to the voluntariness of the plea that were not refuted by the record. *See also Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

The trial court did not err in denying movant's motion without an evidentiary hearing.

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.