**STATE of Missouri, Respondent,**

v.

**Rondell WILLIAMS, Appellant.**

**No. 49658.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 15, 1986.

Motion for Rehearing and/or Transfer
Denied May 20, 1986.

Application to Transfer Denied
June 17, 1986.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Defendant, Rondell Williams, was convicted of capital murder, § 565.001, RSMo 1978 (now repealed) and was sentenced to life in prison without eligibility for probation or parole for fifty (50) years. Defendant appeals his conviction and sentence, urging numerous points for reversal. We affirm.

On the evening of March 17, 1984, defendant suggested to his companions, Johnny Tillman, Bernard Orr, and Kevin Brown that they "do a burglary." Defendant and his companions were riding in defendant's car, which he had earlier placed a gun. Kevin Brown suggested a place that they could burglarize, it being a place Brown had burglarized the preceding November.

The defendant and his companions drove to the residence suggested by Brown and proceeded to enter the residence. Defendant had placed his gun in the waistband of his pants.

The victim and his roommate, residents of the upstairs apartment, heard a noise in the downstairs apartment. The two decided to investigate the noise because they knew that the occupants of the downstairs apartment were away for the evening. The victim took his rifle. They proceeded to enter the front door of the downstairs apartment. The defendant and his companions heard the victim and his roommate at the front door. The defendant came out of the bedroom into the hallway where the victim was standing and shot the victim in the chest and in the left wrist. The victim died shortly thereafter from the gunshot wounds.

■ Defendant contends that the trial court erred when it admitted into evidence defendant's videotaped confession because it was made subsequent to an illegal arrest.

On the day following the murder, the police went to the home of Bernard Orr because of Orr's previous implication in the burglary of the same apartment the proceeding November. Present with Orr at his residence was the defendant and his companions. Officer Hendricks testified that defendant was arrested at Bernard Orr's home and that he was read his *Miranda* rights. Officer Bates testified, however, that the defendant and his companions were merely advised that the police wanted to talk to them about the case, and that they agreed to accompany the police to the station to discuss the case.

The defendant and his companions were placed in separate interview rooms at the police station to discuss the case. Officer Bates testified that they were free to leave the police station. Brown implicated the defendant in the incident during the course of his interview. After defendant was read his *Miranda* rights, he denied any involvement in the case and waived his right to counsel. Thereafter, another companion implicated the defendant in the incident, at which time defendant, after again being advised of his constitutional rights, signed a statement that he had been advised of his constitutional rights and that he waived those rights. Then, defendant made a videotaped statement about the incident.

In a trial court's ruling on a motion to suppress, the weight of the evidence and the credibility of the witnesses are questions for the trial court's resolution, and we are to affirm the trial court's ruling if the judgment is supported by substantial evidence. *State v. Boggs*, 634 S.W.2d 447, 453 (Mo.1982). The determination whether probable cause existed at the time of an arrest is a question for the trial court, and we defer to the trial court's determination

of probable cause. *State v. Pennington,* 642 S.W.2d 646, 648 (Mo.1982). For a warrantless arrest to be legal, the police must have sufficient probable cause to lead a prudent person to believe that the defendant had committed a felony. *State v. Fain,* 679 S.W.2d 419, 423 (Mo.App.1984). Where evidence is presented which is conflicting, the admissibility of the confession is a subject in which deference is given to the trial court's decision on the credibility of the witness. *State v. Inman,* 657 S.W.2d 395, 397 (Mo.App.1983).

Officer Bates testified that the defendant was free to leave at any time prior to his implication in the incident by his companions. Defendant was properly arrested and read his *Miranda* rights after his implication in the incident by his companions. We find defendant's videotaped statement was an act of free will and was not made subsequent to an illegal detention or arrest. Defendant's first point is denied.

■ Next, defendant contends that certain remarks made by the prosecutor during closing argument were coercive and were made in an attempt to achieve a greater sentence based on the threat of community pressure.

The relevant portions of the prosecutor's argument follows:

*When you finish this case you'll be able to talk to your neighbors and your family about what the facts were.* You haven't been able to do that so far, and they'll ask you what happened in the case, what was going on, and you can say, "Well, the lawyers were a pain. They were arguing with each other all the time and, boy, it was hard to get to the facts." Well, I think they might have slipped through somewhere. My unfortunate habit is—

\*    \*    \*    \*    \*    \*

MR. MOSS: *So, as I indicated, there will be some interest with what you do* and, understand, I only point that out to you for one thing, okay. This is like an operating room. It's very clean. You don't see much blood on the body. You don't see the terror in Mr. Walker's eyes as the man approaches him and shoots him. You don't feel any of that. You don't see any of that, but when you're in the real world, *when you're out among your friends and they ask you what happened you should tell them and you should be proud to tell them that you did your duty, that you did what was difficult. You did what was hard, but you did what was right, and that's return a verdict of guilty as charged on capital murder and no other charge, nor for me, not for anyone else, but for yourselves* so that justice can finally be done in this case. Thank you. (emphasis added.)

The trial court is vested with wide discretion in the control of jury arguments by counsel. The rulings of the trial court will be reversed only for an abuse of discretion where the argument is plainly unwarranted and the defendant can establish that the argument had a prejudicial effect on the jury's determination of the case. *State v. Hubbard,* 659 S.W.2d 551, 558 (Mo.App. 1983). A prosecutor has wide latitude in his closing argument and he is allowed to comment on the prevalence of crime, the necessity of law enforcement as a deterrent to crime, and the evil results which might occur should a jury fail to perform its duty. He may also argue for severe punishment as a deterrent to the commission of similar crimes. *State v. Hubbard,* 659 S.W.2d at 558.

In *State v. Nasello,* 30 S.W.2d 132, 142 (Mo.1930) the court held that a closing argument by the prosecutor which suggested that the jurors would have to make an explanation to their wives, their families, their neighbors and the citizenship of their country went no further than to tell the jury that if they believed the defendant was guilty, it was their duty to convict him. *State v. Nasello,* 305 S.W.2d at 142.

Our review of the transcript indicates that the prosecutor's statements were related to the fact that the jury had been sequestered and had been instructed not to talk about the facts of the case. Defendant has failed to establish how the prosecu-

tor's argument had a prejudicial effect on the jury's determination of the case. We find the remarks made by the prosecutor during his closing argument were proper. Defendant's second point is denied.

■ Finally, defendant contends that the trial court prejudiced the defendant when it failed to give MAI–CR2d 2.05 as a separate instruction.

The defendant failed to raise this alleged error at the instruction conference and in his motion for a new trial. Our review of this point is limited to plain error. Rule 29.12(b). Plain error regarding jury instructions requires that the trial court must have so misdirected or have failed to instruct the jury on the law of the case as to cause manifest injustice. *State v. Preston*, 673 S.W.2d 1, 9 (Mo. banc 1984).

The trial judge instructed the jury on the following crimes: (1) capital murder, submitted by the state, patterned after MAI–CR2d 15.02; (2) conventional murder second degree, submitted by the state, patterned after MAI–CR2d 15.14; (3) felony murder in the second degree, submitted by defendant, patterned after MAI–CR2d 15.16; and (4) manslaughter, submitted by defendant, patterned after MAI–CR2d 15.18. Each of the aforementioned instructions carried a tail directing the jury to acquit the defendant if all the elements of the crime were not found beyond a reasonable doubt. Additionally, the felony murder instruction contained the lead-in sentence of MAI–CR2d 2.05 which provided that if the jury did not find the defendant guilty of capital murder, then they must consider whether he is guilty of the lesser included offense of murder in the second degree.

The Notes on Use following MAI–CR2d 15.14 state that MAI–CR2d 2.05 is to be given as a separate instruction where both conventional second degree murder and felony murder in the second degree are submitted to the jury. This instruction is to be given immediately before the second degree murder instructions are given. MAI–CR2d 15.14, Note 7.

From the record before us, we have determined that manifest injustice did not result from the trial court's failure to give MAI–CR2d 2.05 as a separate instruction. The purpose of MAI–CR2d 2.05 is to prevent the jury from returning convictions on both the inclusive and the included offense. MAI–CR2d 2.05 allows for the return of one guilty verdict regardless of multiple offenses submitted to the jury. The instruction enables the jury to find the defendant guilty of a lesser included offense. *State v. Lewis*, 633 S.W.2d 110, 115 (Mo. App.1982). It is clear that the jury could have found the defendant guilty or not guilty of any of the offenses submitted. The jury found the defendant guilty of the inclusive offense, capital murder. They did not reach the question whether defendant was guilty of one of the lesser included offenses which had been submitted. The error committed by the trial court did not misdirect or fail to instruct the jury on the law of the case to cause manifest injustice. Defendant's third point is denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.