**Rondell WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53383.

Missouri Court of Appeals,
Eastern District,
Division One.

June 14, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 1988.

Application to Transfer Denied
Sept. 13, 1988.

**610**

Dorothy Mae Hirzy, Sp. Public Defender, Janis C. Good, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Rondell Williams, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted by a jury of capital murder, RSMo § 565.001 (1978), and sentenced to life imprisonment without possibility for parole for fifty years. Movant had shot and killed a law student as movant was trying to exit a burglary scene. This court affirmed the conviction on direct appeal. *State v. Williams*, 710 S.W.2d 395 (Mo.App., E.D. 1986). In his Rule 27.26 motion, movant alleged ineffective assistance of counsel resulting from counsel's alleged conflict of interest. On this appeal, movant argues that the motion court erred in denying his motion. We affirm.

Initially, we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). In order to prove ineffective assistance of counsel, movant must not only show that trial counsel's performance failed to rise to the level of reasonable professional standards, but also that the alleged ineffective assistance affected the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State*, 735 S.W.2d 118, 120 (Mo.App., E.D. 1987). We next evaluate movant's claim in light of these principles.

In his argument on appeal, movant asserts that the motion court erred in concluding that movant did not receive ineffective assistance of counsel. Movant's trial counsel twice sought leave of the trial court to withdraw because of an alleged conflict of interest. Movant was charged with the murder of a St. Louis University law student. Counsel was a graduate of St. Louis University and she regularly supervised St. Louis University law students through a clinical program. Counsel maintained that, because of her close ties to St. Louis University, working on movant's case would give the appearance of impropriety. One of counsel's law students knew the victim and could not bring himself to work on movant's case or be present while it was being discussed. Counsel further asserted that movant's defense would be hampered by the lack of open discussion and the preclusion of other law students' services. The trial court denied counsel's motion to withdraw.

■ Whether the trial court erred in refusing to allow counsel to withdraw is not an issue to be evaluated on this appeal. For, the trial court's ruling on counsel's motion to withdraw would constitute trial error which could have been raised on direct appeal and is thus not cognizable in a Rule 27.26 proceeding. *See Eggers v. State*, 734 S.W.2d 300, 303–04 (Mo.App., E.D. 1987).

■ In order to prove that a conflict of interest denied him the right to effective assistance of counsel, movant must show an actual conflict of interest which adversely affected the defense counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980); *Monk v. State*, 701 S.W.2d 198, 200 (Mo.App., 1985); *King v. State*, 639 S.W.2d 396, 397 (Mo.App., E.D. 1982). Movant had the burden to prove that counsel acted in such a way that was detrimental to movant's interests. *State v. Powell*, 684 S.W.

2d 514, 517 (Mo.App., E.D. 1984); *State v. Abbott*, 654 S.W.2d 260, 274 (Mo.App., S.D. 1983). Without evidence of a detrimental act or omission by defense counsel, movant cannot prove a conflict of interest resulting in ineffective assistance of counsel. *Abbott*, 654 S.W.2d at 274.

■ At trial, movant presented evidence that he had acted in self-defense. Defense counsel testified at the evidentiary hearing that she did not consider this to be a complicated defense. Counsel further stated that she most likely visited movant more than five times. Although counsel testified that she felt it was improper for a St. Louis University graduate to be the one who represented the man who was charged with the murder of a St. Louis University student, counsel was unable to point to any acts or omissions on her part resulting from the alleged conflict. Similarly, movant testified as to the alleged conflict but was unable to allege anything counsel did or failed to do that was detrimental to his defense. The motion court concluded that even if a superficial conflict existed, trial counsel did nothing detrimental to movant or advantageous to the State. We agree with the motion court that movant failed to meet his burden in proving that the alleged conflict of interest denied him effective assistance of counsel. *See Hulstine v. State*, 702 S.W.2d 120, 121 (Mo.App., S.D. 1985) (fact that defense counsel knew murder victim did not result in conflict of interest where movant failed to show alleged conflict affected counsel's performance).

The judgment of the motion court denying movant's rule 27.26 motion is affirmed.

REINHARD and CRIST, JJ., concur.