Eric SHAW, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53948.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 24, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

Timothy A. Braun, Public Defender, St. Charles, for movant-appellant.

William L. Webster, Atty. Gen., Jefferson City, Carrie D. Francke, Sp. Asst. Atty. Gen., Columbia, for respondent-respondent.

DOWD, Presiding Judge.

This is an appeal by movant-appellant, Eric Shaw, from an order and judgment of the circuit court of the City of St. Louis entered on October 22, 1987 denying appellant's motion to vacate judgment and sentence pursuant to Rule 27.26 on the ground that appellant's pleas of guilty to several felony counts were not involuntary and on the ground that both juvenile court and trial counsel were not ineffective. We affirm.

On September 7, 1982, appellant and two co-defendants were charged with sixteen separate offenses allegedly committed in the City of St. Louis including six counts of rape, three counts of sodomy, four counts of robbery, two counts of kidnapping, and one count of auto theft. These offenses were allegedly committed on July 11, 1982, July 31, 1982 and August 3, 1982 when movant was a minor, fifteen years of age. Movant was originally arrested and placed in the custody of the juvenile court. On August 25, 1982, he was certified for trial as an adult and transferred for further proceedings. He had an attorney in the juvenile proceeding. After certification a new attorney was appointed, but prior to that occurrence he was questioned by police officers and signed a written statement.

In September, 1983, movant and his co-defendants were scheduled for trial in the circuit court. The court heard a previously filed motion to suppress the statements which did not include a ground that movant allegedly requested counsel before being interrogated by the police. The motion was overruled.[1] Subsequently, the two co-defendants pleaded guilty. The trial judge overruled movant's motion to suppress statements.

After a lengthy plea hearing by the trial court, movant entered his pleas of guilty to all sixteen charges on September 20, 1983. On October 23, 1983, the trial court sentenced movant to an aggregate of forty-five years in confinement.

On August 27, 1986, movant filed a *pro se* motion to set aside the judgments and sentences entered against him contending generally that his guilty pleas were not voluntarily and knowingly made because he contends he did not understand the elements of the various offenses and because he never in his own words pleaded guilty and he did not understand the meanings of various terms such as "rape," "sodomy," "deviate sexual intercourse," or "acting in concert" because no one ever explained those words to him. Movant also claimed that the guilty pleas were the product of ineffective assistance of both juvenile court

---

1. The trial court found as a fact that movant's trial attorney filed the following motions on movant's behalf: (1) request for discovery, (2) motion to suppress identification, (3) motion to suppress evidence, (4) motion to sever offenses, and (5) motion for severance of trials.

and trial counsel because of lack of investigation, unpreparedness, overwork, conflict of interest, and failure to take certain steps.

After counsel filed an amended motion, an evidentiary hearing was held in July, 1987. On October 22, 1987, the trial court, in a complete and lengthy memorandum, made findings of fact and conclusions of law and denied the motion. At the evidentiary hearing, the juvenile court counsel explained that certification results in the dismissal of all juvenile court matters and that, upon certification, the representation vanished. Movant's attorney at the plea hearing, an experienced criminal attorney, testified that he consulted with his client, explained the movant's constitutional rights and his various options of proceeding, the evidence against him, the issue of identifications, the numerous motions filed, his individual constitutional rights "in a level he seemed to understand," that appellant conversed with family members. On the motion to suppress, counsel knew movant could not read nor write and he sought to have such statement suppressed. He explained he did not interview certain witnesses for strategic reasons. He testified that he was prepared for trial, although he had a "high" case load. He definitely denied "cajoling" appellant into pleading guilty, or pressuring him, making promises, or threatening him. Before movant pleaded guilty, counsel explained to him "what the court would be asking," including questions about confrontation, burden of proof, ability to understand the proceedings, the fact that he had a limited education and a "series of questions about the offenses," whether what happened was correct, and whether in fact he committed the offenses.

Movant testified that he did not understand the guilty pleas, and he also testified that he did not know the meaning of many words. Basically the thrust of his contention was that he didn't "understand nothing" "because I couldn't read or write."

However he did remember pleading guilty and the judge asking a number of questions. When the judge asked if he understood the charges against him, he answered in the affirmative. He admitted discussing all matters with his attorney, but said he lied. It was his decision to plead guilty. While he admitted he understood some things, he denied admitting that he understood others. He did not know the meaning of "rape" or "robbery." He admitted understanding the charges and admitted that he had an opportunity to discuss the charges with the attorney.[2]

At the conclusion of the evidentiary hearing, after listening to various witnesses including movant's sister, the attorneys, and the judge who heard the guilty plea, the trial court found: (1) the testimonies of movant and his sister were "unworthy of belief," (2) that many motions were made by counsel, (3) that movant pleaded guilty in the absence of cajoling, coercion, or promises and that movant desired to plead guilty on all charges. The court found trial counsel credible when he testified to breaking the charges down into language he felt movant could understand, and to a whole list of information including a series of questions about the offenses. The court found that movant at the guilty plea testified under oath that he understood the charges, that he had the opportunity to discuss "every one" of the charges with counsel, and that he understood his other constitutional rights including incriminating statements. Movant was given an opportunity to deny any and all facts relied upon by the trial court as a factual basis for receiving the plea and did not disagree with the prosecutor's recitation of the facts. The court found that movant admitted that "he entered the pleas voluntarily and with the understanding of the consequences. Further, that he told the truth and ... that the trial attorney did everything that the defendant [movant] asked him to do."

**2.** Movant's *pro se* motion is a very fine, intelligent, comprehensive motion which belies his testimony at the hearing. The motion alleges that he was not informed of the incidents of trial, the elements of the offense and that his plea was made involuntarily. These allegations are refuted by the evidentiary hearing.

The trial court therefore found from the record and the testimony on the pleas of guilty and the testimony at the evidentiary hearing that the pleas to the sixteen offenses were "freely, knowingly and voluntarily entered knowing the full consequences of his act." The court also concluded that adequacy of counsel's representation is reviewable on appeal only to the extent that it affects the understanding and voluntariness of the plea,[3] and the test is whether movant has been misled. The court relied upon the oft-cited rule that counsel's antecedent ineffectiveness is immaterial for post-conviction relief except to the extent that the alleged ineffectiveness bears upon the voluntariness, knowledge or intelligence by which the guilty plea is made. *Oerly v. State,* 658 S.W.2d 894, 896 (Mo.App.1983).

Movant appeals the judgment. On appeal, movant paints with an extremely broad brush. He makes a great number of assertions, seeking to set aside his judgment and sentences on the ground that the court erred in finding his pleas were voluntarily and knowingly made. He makes these assertions because: (1) his juvenile counsel abandoned him after certification, and because he had a conflict of interest with his trial counsel who worked in the same public defender office which represented his co-defendants; (2) his trial counsel was so "overworked"[4] that he failed to adequately prepare the case and rendered legal "representation" which fell below an objective standard of reasonableness; (*Cf., State v. White,* 646 S.W.2d 804, 806 (Mo. App.1982)); (3) movant never related "the facts" at the guilty plea hearing showing that he was guilty; (4) trial counsel or the court never explained the "elements" of the charges against him including the meaning of "acting in concert" with others; and (5) he was subjectively pressured into pleading guilty when his trial counsel indicated that the original trial judge would not accept an *Alford* plea and would not accept a plea of guilty unless he admitted guilt.[5]

All these broadside attacks can be distilled and predicated upon the alleged unknowingness and involuntariness of movant's pleas of guilty based upon alleged ineffectiveness of counsel because (a) juvenile court counsel abandoned him when he was certified, (b) counsel failed to file a complete, comprehensive and all inclusive motion to suppress which omitted a request for counsel and representation before being interrogated by police, and (c) counsel failed to investigate the cause. These cumulative acts of lack of representation, he contended, led to his pleas of guilty because they were coerced and because he did not understand the elements of the numerous offenses for which he was charged.

■ There are certain well-recognized principles which govern the resolution of this type of proceeding, an independent civil action governed, so far as applicable, by

3. *Allen v. State,* 588 S.W.2d 1, 2 (Mo.App.1979); *Gilmore v. State,* 578 S.W.2d 71, 72 (Mo.App. 1979); *Morris v. State,* 552 S.W.2d 243 (Mo.App. 1977).

4. One of his contentions is that he was represented by an assistant public defender who was so overworked that he could not effectively represent him. He contends that the defender was involved in at least 24 jury trials, had a caseload so high that he could not render effective assistance and was underpaid. Yet the defender failed to protest to his superiors and to the courts.

5. In his numerous subpoints, movant alleges that the trial court erred (a) in not finding that his juvenile court counsel rendered ineffective assistance because he did not advise him against incriminating himself after being arrested and did not continue to represent him after he was certified as an adult, and did not provide for successor counsel to take over the case immediately, (b) in not finding that he was undereducated and illiterate at the time of the various criminal incidents and at the time of his guilty plea, (c) in not finding his trial counsel did not file or pursue in or at the motion to suppress hearing the ground that he requested counsel and sought representation by counsel before being interrogated by the police concerning his alleged criminal activity, (d) in not holding that he was coerced into pleading guilty by an "overworked" attorney who was not prepared or who had inadequately interviewed him and not seeking out or investigating witnesses, and (e) in finding that the pleas were voluntary because movant never "in his own words" said he was guilty and because no one explained to him the meaning of rape, sodomy, deviate sexual intercourse, or acting in concert.

the Rules of Civil Procedure. The judge is the trier of fact, free to determine the credibility of witnesses and evidence. *Willen v. State*, 648 S.W.2d 134, 136 (Mo.App. 1983). The movant bears the burden of proof to establish his right to relief and any appeal of the judge's decision is limited to a determination of whether the findings, conclusion and judgment are clearly erroneous. Rule 27.26. A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a grave mistake has been committed. *Smith v. State*, 743 S.W.2d 900, 901 (Mo.App. 1988).

■ In a Rule 27.26 motion alleging ineffective assistance of counsel, the movant has a heavy burden of proof because counsel is vested with broad and great latitude and cannot be adjudged incompetent by reason of what in retrospect appears to be an error in judgment or a matter of trial strategy. *Lahmann v. State*, 509 S.W.2d 791, 794 (Mo.App.1974); *Nelson v. State*, 537 S.W.2d 689, 693 (Mo. App.1976). To prevail, a movant must show both that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Jones v. State*, 747 S.W.2d 651, 653 (Mo. App.1988). The two-part *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Upon a guilty plea, counsel's effectiveness is relevant only to the extent that it affected the voluntariness of the plea. *Russell v. State*, 755 S.W.2d 704, 705 (Mo.App.1988); *Dehart v. State*, 755 S.W.2d 611, 613 (Mo.App. 1988); *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987). When a claim of ineffective assistance of counsel is based upon an alleged failure to investigate a witness, movant must allege what specific information the attorney failed to discover, that reasonable investigation would have disclosed the information and that the information would have improved movant's position; facts, not conclusions, must be stated.

■ The record in this case clearly shows that, despite movant's protestations that he did not understand anything at the plea hearing and did not understand the language or the meaning of ordinary nontechnical words, the trial court correctly ruled that the pleas were knowingly and voluntarily made with sufficient understanding. A plea is involuntary when it is the product of a mental disease or defect, *Sinn v. State*, 741 S.W.2d 749, 751 (Mo. App.1987), or influenced by sufficient drugs so as to destroy or inhibit the cognitive process, *Smith v. State*, 674 S.W.2d 634, 636 (Mo.App.1984), or where counsel is so ineffective as to have affected the voluntariness of the movant's guilty plea, *Bailey v. State*, 738 S.W.2d 577, 578 (Mo.App. 1987).

■ These matters are not sufficiently present here so as to make the pleas involuntary. The record shows and the trial court found that: (1) movant's attorney explained matters to him, (2) movant testified under oath that, despite his present protestations, he understood the charges made, (3) that he had the opportunity to and did discuss each of the charges with counsel, (4) that he understood he had the right to a jury trial, (5) that it was his decision to plead guilty. There is no requirement that the trial court explain each and every technical element of each offense charged; it is sufficient if movant has an understanding, reflected by the record, of the nature of the charge. *Abrams v. State*, 521 S.W.2d 177, 179 (Mo. App.1975). When the facts are recited, as they were, this is sufficient to show understanding of the nature of the charge, the punishment and an awareness of the consequences of pleading guilty. *Id.* The record shows that there were no threats or promises made so as to make the pleas involuntary. *See Abrams v. State*, 521 S.W.2d at 180. Voluntariness of a plea is not determined by whether a particular ritual is followed or whether every detailed element is explained, but "whether the plea is voluntarily and intelligently made with an understanding of the charge." *Guice v. State*, 755 S.W.2d 657, 658 (Mo.App.1988).

Counsel's conduct did not fall below the standards set forth in *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979), and *Barkwell v. State*, 619 S.W.2d 511 (Mo.App.1981), and movant was not prejudiced. Any alleged ineffectiveness of counsel did not affect the knowingness and voluntariness of the pleas.

 The mere allegation that the trial counsel was "overworked" does not show or prove that the work so seriously interfered with his representation that, under the clear statements in the record, he did not sufficiently represent movant. The mere fact that one counsel in the same office represented a co-defendant does not create such a prejudicial conflict of interest so as to taint a voluntary and knowing guilty plea. In order to prove that a conflict of interest denied him the right to effective assistance, movant must show an actual conflict which adversely affected counsel's performance; that is not the situation here. *See Williams v. State*, 755 S.W.2d 609, 610 (Mo.App.1988).

Despite the numerous allegations in the motion to vacate, the record shows that the trial court was not clearly erroneous in finding the pleas to be voluntary and that the alleged instances of ineffectiveness of counsel did not either fall below the required standard of representation nor bear upon the involuntariness of the plea. *Hamby v. State*, 454 S.W.2d 894 (Mo. banc 1970).

As to a claim of ineffectiveness grounded on the failure to investigate or produce witnesses, movant must prove that the witness could have been located through reasonable investigation, that the witness would have testified, and that the witness would provide a viable defense. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984); *Aikens v. State*, 549 S.W.2d 117 (Mo.App.1977); *Curtis v. State*, 759 S.W.2d 860 (Mo.App.1988.) Movant did not meet this burden.

In sum, the trial court reviewed all the record, the evidence, the pleas, and concluded that the pleas were voluntarily made and that counsel was not ineffective as regards the voluntariness of the pleas.

In this regard we cannot conclude on this record that the trial court was clearly erroneous.

The judgment is affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.