**James Lee MORROW,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56088.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied
Feb. 13, 1990.

---

Beverly A. Beimdiek, David C. Hemingway, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

SIMEONE, *Senior Judge.*

This is an appeal from an order and judgment of the circuit court of the City of St. Louis, entered on December 5, 1988, denying movant James Lee Morrow's motion to vacate judgment pursuant to Rule 27.26 (repealed, effective January 1, 1988).

On September 30, 1973, a Sunday, Paul Pittman, an attendant at a St. Louis service station, was robbed at gunpoint of his wallet and of the cash-on-hand at the station. Later, as this court said on direct appeal, *curiously*, Pittman received an envelope in the mail with no return address, containing his stolen wallet. The wallet contained receipts bearing the movant's name and address. These receipts were delivered to the police resulting in the movant's arrest.

On March 19, 1974, Pittman identified the movant at a preliminary hearing attended by two unofficial stenographers.

Pittman, the only identifying witness, died in August of 1974, prior to trial. However, Pittman's testimony from the preliminary hearing was admitted at trial when the two unofficial stenographers read their transcribed notes from the preliminary hearing. On October 25, 1974, the movant was convicted of first degree robbery by means of a dangerous and deadly weapon. On November 15, 1974, he was sentenced to thirty-five years in prison. On September 7, 1976, this court affirmed the movant's conviction. *State v. Morrow*, 541 S.W.2d 738 (Mo.App.1976).

On June 17, 1977, the movant filed his first Rule 27.26 motion to set aside judgment. On February 10, 1978, the movant withdrew this motion. On December 12, 1986, the movant filed his second Rule 27.26 motion. On December 23, 1986, the office of the Special Public Defender was appointed to represent the movant. On October 20, 1987, a first amended motion

under Rule 27.26 was filed. On October 7, 1988, an evidentiary hearing was held before the trial court. At the evidentiary hearing, three witnesses testified—James Morrow, the movant; Thomas Prebil, the movant's attorney at the original trial; and Lillie Morrow, the movant's mother.

James Morrow, the movant, testified (1) that he told his attorney that he was at home at the time of the robbery, (2) that his mother, Lillie Morrow, and his girlfriend, Clarena Brooks, would have so testified if his attorney had called them, (3) that the two women were present at the trial and that Mr. Prebil was aware of that fact, (4) that he told his attorney about an alleged "frame-up" and that Charles Hardin (referred to as Horton in his testimony) would testify to that effect, and (5) that Detective Cox had information about the frame-up, but that he does not remember if he told his attorney about Detective Cox.

Movant's attorney testified (1) that as part of his investigation movant's alibi witnesses were contacted, (2) that they said that James Morrow was home when they went to bed (between 12:00 and 1:30 A.M.) and when they got up (9:00 A.M.), (3) that he did not use them as witnesses since they could not testify where he was at the time of the robbery (6:00 A.M.), (4) that family members' testimony is looked at with suspicion, (5) that he could not remember if movant mentioned his girlfriend or if she could not be located, (5) that he did investigate the frame-up story, (6) that he talked to Charles Hardin and found him to be uncooperative, arrogant, and had a bad record, and (7) that, prior to trial, he had discussed with the movant not using Hardin as a witness.

Defense counsel testified that he "elected" not to use movant's alibi witnesses who were at home because "they really didn't prove an alibi." As to Hardin, counsel testified that he was "uncooperative and arrogant" and that "it just didn't seem in my judgment that [a frame up] was a viable defense to this case ..."

Lillie Morrow testified at the evidentiary hearing (1) that the movant, James Morrow, was home when she went to bed around 12:00 P.M., (2) that when she left for work at 7:15 A.M. her son, James Morrow, was asleep on the floor, (3) that she never worked on Sundays, and (4) that because of work she did not attend her son's trial.

On December 9, 1988, the motion court entered its findings of fact and conclusions. He denied movant's Rule 27.26 motion for post-conviction relief. From this judgment, movant appeals.

Movant contends, on appeal, that the court erred on two points in denying his Rule 27.26 motion. The first error, appellant argues, is that the trial court ruled that the appellant's counsel acted reasonably in failing to call alibi witnesses. The second error, appellant argues, was the trial court's ruling that defense counsel acted reasonably in failing to produce the testimony of Charles Hardin concerning the alleged frame-up of the appellant.

Appellate review is limited to determining whether the findings, conclusions, and order of the court are clearly erroneous. Rule 27.26(j); *Mallett v. State*, 769 S.W.2d 77, 79 (Mo. banc 1989); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App. 1986). A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a grave mistake has been committed. *Shaw v. State*, 766 S.W.2d 676, 680 (Mo.App.1989). In deciding whether a court's ruling is erroneous, the judge is the trier of fact, free to determine the credibility of witnesses and evidence. *Shaw* at 680.

■ In a Rule 27.26 motion alleging ineffective assistance of counsel, the movant has a heavy burden of proof because counsel is vested with broad and great latitude regarding decisions on matters of trial strategy, and thus counsel cannot be judged incompetent because such a decision in retrospect seems to be an error in judgment. *Shaw* at 680.

■ In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and

diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Mallett v. State, supra,* 769 S.W.2d at 82; *Roberts v. State,* 775 S.W.2d 92, 94 (Mo. banc 1989); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). When examining the reasonableness of defense counsel's actions, there is a strong presumption that the attorney's conduct falls within the wide range of reasonable professional assistance because it is all too easy for the court examining counsel's defense after it has proved unsuccessful to conclude that an act or omission is unreasonable. *Sanders* at 858. The selection of witnesses and the introduction of evidence are questions of trial strategy, and the choice of trial strategy is not a foundation for finding ineffective assistance of counsel. *Sanders* at 758; *Franklin v. State,* 655 S.W.2d 561, 565 (Mo.App.1983).

Tested within these well-recognized principles, and after examining the transcript on appeal and the transcript of the 27.26 motion, we are convinced that the trial court was not clearly erroneous in overruling the movant's 27.26 motion.

■ In the case at bar, the appellant first contends that defense counsel was ineffective because he failed to call the defendant's alibi witnesses. The motion court found the testimony at the evidentiary hearing on behalf of the movant to be conflicting, unconvincing, and not worthy of belief. The court found defense counsel's explanation reasonable that he did not call the defendant's alibi witnesses because of their inherent bias and because he did not feel they could testify convincingly about an alibi of the defendant's whereabouts at the exact time of the robbery. To prevail, the appellant must show the findings, conclusions, and judgment of the motion court are clearly erroneous. *Laws v. State,* 708 S.W.2d 182, 185 (Mo.App. 1986).

At the evidentiary hearing, the defendant's mother testified that she never works on Sunday. Yet, the date of the robbery, September 30, 1973, was a Sunday. This testimony lessens the credibility of the alibi. The defendant's girlfriend, and the other alibi witnesses, did not testify at the hearing. Under the circumstances, the failure of defense counsel to call the alibi witnesses was a choice of trial strategy, and thus does not constitute ineffective assistance of counsel. *Roberts v. State, supra,* 775 S.W.2d at 95.

■ Appellant next contends that the court erred in ruling that defense counsel was ineffective because he failed to produce the testimony of Charles Hardin concerning the alleged frame-up of the appellant. The court did not believe movant's version of the frame-up defense. The court found that defense counsel's decision not to call Mr. Hardin to testify in light of his bad record, his uncooperative attitude, and because he would have had to implicate himself in a felony to testify about the frame-up, did not constitute ineffectiveness. In light of Mr. Hardin's lack of reliability and defense counsel's judgment that the State's case was weak, the decision not to call Mr. Hardin was a choice of trial strategy, and does not constitute ineffectiveness.

The appellant, in his reply brief, contends that the State ignores the prejudice component of the two-prong *Strickland* test. But, "in reviewing such a claim courts are not required to consider both prongs; if the defendant fails to satisfy one prong, the court need not consider the other." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); *Abbott v. State,* 769 S.W.2d 462, 463 (Mo.App.1989).

The findings and conclusions of the motion court are not clearly erroneous, hence the judgment is affirmed.

Judgment affirmed.

SIMON, C.J., and DOWD, J., concur.