STATE of Missouri, Respondent,

v.

John BECKMEYER, Appellant.

No. 46321.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 20, 1983.

Philip McDowell Eisele, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant John Beckmeyer guilty of second degree burglary; the court found he was a prior felon and sentenced him to 15 years in prison.

Here defendant first claims error in failure to instruct on the lesser offense of trespass, and second in failure to direct an acquittal. These in inverse order.

■ The state's evidence: Victim Pamela Meyer was away from home but had authorized next-door neighbor, veteran police officer John Brasser, to regularly inspect her next-door apartment. When he came home early in the morning he saw the Meyer apartment front window had been smashed. Inside Brasser found defendant who claimed to be a policeman. As Brasser went to call the police defendant escaped, but was soon caught.

Evidence technicians found the Meyer apartment in disarray and found defendant's fingerprint on an alarm clock. Miss Meyer testified numerous articles were missing.

Defendant did not testify but an acquaintance testified she had seen him highly intoxicated in a tavern earlier in the evening.

In his challenge to the sufficiency of the evidence defendant relies primarily on State v. Prier, 634 S.W.2d 197 (Mo. banc 1982). There acquittal was ordered where the state showed only defendant's opportunity to burglarize. The case here is readily distinguishable. The added facts of defendant's fingerprints inside the victim's apartment and his precipitous flight when arrested remove our case from PRIER.

More akin to our case is State v. Brooks, 610 S.W.2d 43 [4] (Mo.App.1980). There defendant was found in a locked building, a window had been broken and defendant's fingerprints were found inside. Those signs of burglary were held sufficient to show guilt. And here defendant's flight was an additional sign of guilt. See also, the similar case of State v. Means, 628 S.W.2d 426 [1–3] (Mo.App.1982).

■ We deny defendant's claim of insufficient evidence and consider his conten-

tion the court should have further instructed on first degree trespass. Trespass requires only an unlawful entry; burglary requires a further showing that entry was "for the purpose of committing a crime therein".

We are guided by RSMo. Section 556.-046(2) declaring:

"The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

Here there was no evidentiary basis for acquitting defendant on the burglary charge.

Further, as held in *State v. Craig*, 433 S.W.2d 811 [6–7] (Mo.1968), when proof of guilt is strong as to the more serious crime charged there is no need to instruct on a lesser included offense. For a full discussion of a case such as ours see *State v. Neighbors*, 613 S.W.2d 143 [4–6] (Mo.App. 1980).

We deny both defendant's challenges.

Affirmed.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.