STATE of Missouri, Respondent,

v.

John Presley CRISEL, Appellant.

No. 50165.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 13, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Mary Dames Fox, Office of Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Paul LaRose, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant appeals from his conviction on one count of first degree robbery, section 569.020 RSMo 1978, for which he was sentenced to life imprisonment. On appeal, defendant argues that the trial court erred in: (1) refusing to instruct the jury on the lesser included offense of stealing without consent; and (2) refusing to strike for cause a veniremember who was related to the victim through an in-law. Finding each of these points without merit, we affirm.

On September 4, 1984, James Bauman went to the Magic Carpet Lounge after an evening of bowling. He subsequently encountered defendant John Crisel on the

dance floor and a scuffle ensued. Bauman then bought defendant a drink, apparently to ease the tension. Bauman left the lounge at 1:00 a.m. and went to his pickup truck in the parking lot. As he opened the truck door, he felt a knife pressed against his neck. Bauman turned to see defendant holding a knife. Defendant ordered Bauman to relinquish his money and threatened to kill him. Defendant then removed sixty dollars, a comb, keys and a pocketknife from Bauman. Defendant left with two friends who observed the incident from across the parking lot. After defendant left, Bauman flagged down a police officer and reported the incident.

The following morning defendant went to his ex-wife Marilyn Niswonger's house and told her he had robbed someone at the Magic Carpet Lounge the night before. He showed her two knives and some money. After the Festus police arrested defendant on September 6, Niswonger received a phone call from an unidentified man at the jail instructing her to go to defendant's car and remove a knife. She went to the car, removed a knife from under the floor mat and put it in her purse. As she began to leave, a police officer arrived and asked to see the contents of her purse. She showed him the knife but said it belonged to her deceased boyfriend. Niswonger later gave the knife to the police and told them she had obtained it from defendant.

David Welsh and Joe Martucci accompanied defendant the night of the alleged robbery. At trial they testified that as they left the parking lot, defendant said he had "rolled" some guy. Defendant also told them not to tell anyone about what had happened or he would hurt them. Welsh and Martucci testified they saw defendant with someone at the truck across the parking lot, but they did not see a knife.

After hearing all the evidence, the jury found defendant guilty of robbery. The court determined defendant to be a persistent offender, and thereafter sentenced him to life imprisonment.

In his first point on appeal, defendant argues that the trial court erred in refusing—over defendant's objection—to instruct the jury on the lesser included offense of stealing without consent.

The trial court must instruct the jury on a lesser included offense only if the record contains substantial evidence to acquit the defendant of the greater offense and convict him of the lesser offense. *State v. Beckmeyer,* 662 S.W.2d 897, 899 (Mo.App.1983).[1] In support of his position, defendant relies principally upon the testimony of Welsh and Martucci. These companions of defendant testified they did not see defendant with a knife during the parking lot encounter with Bauman or at any time that evening. As the state points out, however, these witnesses viewed the incident from a considerable distance in the dark of night. The fact that two witnesses failed to see a knife does not prove that the knife did not exist or that defendant did not use a knife.

The state presented physical evidence and corroborating testimony in support of the robbery charge. The state produced a knife found in defendant's car that the victim identified as the knife possibly used in the robbery or one very similar to it. Bauman testified that he saw and felt a knife. Niswonger testified that defendant had told her that he had robbed someone and he showed her two knives. An inference that defendant used a knife can be drawn from the curious phone call received by Niswonger instructing her to remove the knife from defendant's automobile. The substantial evidence adduced at trial

---

1. "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." Section 556.046.2 RSMo 1978. In *Beckmeyer,* this court further noted that "when proof of guilt is strong as to the more serious crime charged there is no need to instruct on a lesser included offense." *Beckmeyer,* 662 S.W.2d at 899.

supported the finding of a forcible taking and did not warrant a lesser included offense instruction for stealing without consent.[2]

██ Defendant's second point on appeal involves the trial court's refusal to strike veniremember Nan Bequette for cause. The trial court must provide a defendant with a full panel of qualified jurors before he is required to use peremptory strikes. *State v. Stewart,* 692 S.W.2d 295, 298 (Mo. banc 1985). A trial court may not deny a legitimate request by defendant to excuse for cause a partial or prejudiced veniremember. *Id.* Veniremember Bequette revealed during voir dire that the victim's father was her mother-in-law's cousin. Defendant characterizes Bequette's responses to impartiality questions as "hesitant." Defendant claims that Bequette appeared apprehensive about the potential effect the outcome of the trial might have on the relationship with her mother-in-law.

██ When determining whether a challenge for cause should be sustained, each case must be judged on its facts. *State v. Hopkins,* 687 S.W.2d 188, 190 (Mo. banc 1985). Being related to a party through one's mother-in-law's cousin is relatively insignificant, and is insufficient to strike a veniremember for cause. The record indicates that Bequette answered the voir dire questions unequivocally. The trial judge was in the best position to view any skepticism displayed by the veniremember. The trial court did not abuse its discretion in failing to strike veniremember Bequette for cause.

The judgment of the circuit court is affirmed.

KAROHL, P.J., and SIMON, J., concur.

2. Defendant attempts to impeach the credibility of the state's witnesses, alleging that alcohol impaired the victim's perception and suggesting the impossibility of the victim seeing a knife. Defendant also attacks the credibility of defendant's ex-wife, characterizing her testimony as vindictive and self serving. The jury considered these matters in weighing the evidence. We will not substitute our judgment for that which is the province of the jury.