John Presley CRISEL, Appellant,

v.

STATE of Missouri, Respondent.

No. 55874.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 1989.

Melinda Kay Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, John Presley Crisel, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted on April 17, 1985, of first degree robbery and was sentenced to life imprisonment. This court affirmed his conviction on direct appeal in *State v. Crisel*, 714 S.W.2d 595 (Mo.App., E.D.1986). In this appeal, movant asserts that the motion court erred in failing to enter specific findings of fact and conclusions of law and erred in denying his motion based on ineffective assistance of counsel. We affirm.

■ Movant asserts that the motion court's findings of fact and conclusions of law did not conform to Rule 27.26(i)'s requirement that it "make findings of fact and conclusions of law on all issues presented." The purpose behind Rule 27.26(i) is to allow for meaningful appellate review of the motion court. *Leigh v. State*, 673 S.W.2d 788 (Mo.App., E.D.1984). In *Seltzer v. State*, 694 S.W.2d 778 (Mo.App., E.D.1985), we held that where the motion court summarized the pleaded issues but did not make itemized findings of fact as to each matter pleaded, the motion court nonetheless complied with Rule 27.26(i).

In the instant case, movant claimed in his Rule 27.26 motion that it was ineffective assistance of counsel for his trial counsel to fail to interview and call eleven separate potential witnesses.[1] The motion court separated these eleven witnesses into two groups in its findings of fact and conclusions of law. As to five potential witnesses the motion court concluded that the evidence did not substantiate movant's claim of ineffective assistance. Regarding the remaining six potential witnesses, the court found that movant's counsel did "contact witnesses that were helpful to her defensive theory" and that many of these witnesses were "not credible, had testimony that was irrelevant, or at best cumulative, or did not support movant's defensive theory".

In *Smith v. State*, 663 S.W.2d 248, 249 (Mo.App., E.D.1983), the motion court's statement that "movant has completely failed to carry his burden of proof on the issue of voluntariness" was found to be insufficient under Rule 27.26(i).

While the motion court in the instant case did not specifically address each wit-

---

1. Movant raises this issue as to seven of them in this appeal.

ness, the court did not merely assert that the movant failed to meet his burden, as in *Taylor*. We do not find that the motion court's statements are so unspecified that we are unable to conduct a meaningful review of its findings. Movant's first point is denied.

In our review of these findings, we must determine whether the findings, conclusions, and judgment of the court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987); Rule 27.26(j). These findings are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App., E.D.1986). In order for movant's claim of ineffective assistance of counsel to prevail, he must show that his trial counsel's performance did not meet reasonable professional standards and that the alleged ineffective assistance affected the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State*, 735 S.W.2d 118 (Mo.App., E.D.1987). We will now address movant's points on appeal in light of the foregoing.

Movant's first claim is that his trial counsel was ineffective in failing to interview and investigate seven potential witnesses. A brief review of the facts will be helpful in understanding movant's claims. On the night of September 4, 1984, movant was in a bar called the Magic Carpet Lounge in Festus, Missouri. While there, James Bauman entered the bar. Movant and Bauman had had an argument in August of 1984 and also had a disagreement the evening of September 4, 1984.

Mr. Bauman testified that as he tried to get into his pickup truck after leaving, he was accosted by the movant and robbed at knife-point. Bauman then went back to the bar (which was now closed) but Mr. Eric Magre, the bar owner's son, would not let him use the telephone and advised Bauman that he should "sleep it off".

Movant asserts that trial counsel should have interviewed and investigated several people. We note that there is no require-

ment in Missouri that counsel conduct an investigation and interview witnesses in all cases, under all circumstances. *Aikens v. State*, 549 S.W.2d 117, 121 (Mo.App., E.D. 1977). When counsel does not interview or produce specific witnesses, movant must show that the evidence which would have been obtained would have helped movant's case. *Id.* at 121 (*citing McQueen v. Swenson*, 498 F.2d 207 (8th Cir.1974).

■ Movant asserts that his trial counsel should have interviewed and investigated Eric Magre and Charles Seibert. Movant's trial counsel testified at the motion hearing that her basic trial strategy was to attack the victim's (Bauman) identification of movant. Neither Magre nor Seibert witnessed the incident and they both testified at the motion hearing that their evidence would relate to prior altercations between Bauman and movant.

The motion court found that trial counsel's strategy was arrived at after ample visits with movant and that trial counsel was "well-prepared for Petitioner's trial". Since neither Magre nor Seibert witnessed the event, their testimony would not have supported movant's defense. Mr. Magre's possible testimony that Bauman had been drinking may have been relevant to impeach Bauman's testimony and show his inability to identify movant, but these facts were brought up and presented to the jury through trial counsel's cross-examination of Bauman. The motion court's refusal to find that trial counsel was ineffective because she failed to interview or investigate Magre or Seibert was not clearly erroneous.

■ Movant also claims that trial counsel should have interviewed and investigated Deputy Joseph Madonna and Captain Bimel Wheelis of the Jefferson County Sheriff's Office, Theresa (Riger) Dansby (movant's sister), Elizabeth Crisel (movant's mother), and Agnes Niswonger (movant's former mother-in-law). Movant claims and the evidence at the motion hearing indicates that these witnesses would have testified about the relationship between movant and his ex-wife, Marylin Niswonger, and the influence that Marylin's

mother, Agnes, had on Marylin's testimony. Movant asserts that these witnesses would buttress his claim that Marylin and/or her mother set him up to be blamed for the robbery. We first point out this claim was not related to the defense theory pursued by trial counsel. Also, movant's trial counsel introduced testimony about the relationship between movant and Marylin through her cross-examination of Marylin and vigorously attempted to impeach Marylin by eliciting testimony regarding her mother's influence but was not allowed to do so by the trial judge. We find no error on this point.

 Movant next claims that his trial counsel failed to impeach Marylin and Bauman with evidence of their relationship, prior altercations between movant and Bauman, the lack of lighting on the parking lot at the time of the incident, and Marylin's mother's influence on her testimony. The record refutes movant's claims. Movant's trial counsel conducted extensive cross-examinations of both Marylin Niswonger and James Bauman and the evidence movant claims was lacking was indeed elicited. While it is true that the trial judge did not admit some of this evidence, the appropriateness of the trial judge's actions are not relevant to the question of whether movant's counsel was ineffective.

Movant's last claim of error is that his trial counsel failed to object to the admission of a knife which was placed into evidence through the testimony of Marylin Niswonger and James Bauman. This knife was not established to be the one used in the robbery but was identified by Bauman as being similar to the knife used.

Appellant admits that his trial counsel filed a motion to suppress the admission of the knife, which the trial court denied after a hearing. It is also clear that trial counsel was granted a continuing objection through the trial as to all matters raised in her motion to suppress, which would render an objection unnecessary during its actual admission. Further, the motion court found that trial counsel's strategy was to show that Bauman could not identify the knife, which she did bring out on cross-examina-

tion of Bauman. Since we find no error in the motion court's finding and since counsel did indeed object to the admission of the knife during the trial, we deny movant's final point.

Movant's points on appeal are factually complicated and intertwined, as are the relationships of the principals involved. We do not find that the motion court's findings were clearly erroneous; a full reading of the transcript reveals that trial counsel's performance met reasonable professional standards. The motion court's denial of movant's Rule 27.26 motion is affirmed.

REINHARD and CRIST, JJ., concur.