STATE of Missouri, Respondent,

v.

Lewis DAY, Appellant.

Lewis DAY, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60925, 62944.

Missouri Court of Appeals,
Eastern District.

Aug. 10, 1993.

Emily N. Blood, John Klosterman, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Lewis Day, appeals his jury conviction for forcible rape, RSMo § 566.-030 (1986), and forcible sodomy, RSMo § 566.060 (1986), in the Circuit Court of the City of St. Louis. For these crimes, appellant was sentenced as a prior and persistent offender to consecutive terms of ten years on each count, to be served consecutively with other previously imposed sentences. Appellant also appeals the denial of his post-conviction relief motion without an evidentiary hearing. We affirm.

Appellant does not challenge the sufficiency of the evidence. On March 10, 1990, at about 3:00 p.m., P.W. was talking on the phone about a job. Because she was preparing to bathe, she was wearing only a bathrobe, underwear and bra at the time. During the conversation, appellant came to the door and asked to see her. P.W. hung up the phone and let appellant into her apartment, then closed and locked the door.

Once inside, appellant asked P.W. for a knife or other sharp object. While she was searching, appellant asked P.W. if she was alone. P.W. replied that she was alone, and handed him a fingernail file from her purse. Appellant took the file, placed it at P.W.'s throat, and threatened to kill her. During the ensuing brief struggle, appellant stabbed P.W. in the nose with the file and punched her in the jaw. When P.W. reached for the phone, appellant pulled the cord out of the wall.

Appellant threw P.W. over a table and penetrated her vagina with his finger. He then threw her onto a couch and licked her vagina. Appellant eventually tore off P.W.'s underwear and raped her. Afterward, appellant began cleaning up the apartment. Appellant told his victim he knew God would forgive him.

While appellant was straightening the apartment, P.W. grabbed her keys and ran out of the apartment door naked. She ran across the street to the house of a neighbor, who called the police. Appellant ran out of the apartment after his victim, but did not follow her to the neighbor's. Two men from the neighborhood pursued appellant in a car but could not catch him. Some time later, the police apprehended appellant. They brought him back to P.W.'s apartment, where she identified him as her assailant.[1] The police read appellant his *Miranda* rights, which he waived by making a statement. In his statement, appellant admitted to several sexual acts with P.W., but denied raping her.

P.W. was taken to a local hospital for treatment. She had a laceration on her nose, bites to her back and left thumb, and a bump on her forehead. Appellant was indicted on March 29, 1990, on two counts of sodomy, one count of forcible rape, and one count of stealing. Appellant was also charged as a prior and persistent offender. Trial began on August 13, 1991.

At trial, appellant did not testify. His mother testified to appellant's general history of mental illness, while Dr. Richard Gowdy, a clinical psychologist, testified to

---

1. Shortly after the attack, P.W. realized her money and her identification cards were miss-   ing also.

appellant's specific problems; namely, chronic paranoid schizophrenia and bipolar disorder.[2] Dr. Stephen Dinwiddie, a psychiatrist, testified that appellant was not suffering from mental illness at the time of the crime.

At the close of the State's case, the court granted appellant's motion for acquittal on the stealing charge due to insufficiency of the evidence. On August 16, 1991, however, the jury returned verdicts of guilty on one count each of sodomy and forcible rape. The court overruled appellant's post-trial motions on October 4, 1991, and sentenced appellant to two ten-year terms, to be served consecutively to sentences imposed for other offenses.

Appellant filed a *pro se* Rule 29.15 motion on June 1, 1992. The amended motion was filed July 30, 1992. On September 18, 1992, the court filed findings of fact and conclusions of law denying appellant's motion without a hearing. This consolidated appeal followed.

Appellant first complains the court clearly erred by denying his post-conviction relief motion for ineffective assistance of counsel. Appellant alleges his defense attorney failed to call several witnesses who would have impeached the character of the complaining witness. We find no error.

Our review of the denial of a post-conviction relief motion is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 29.15(j); *State v. Boyd*, 844 S.W.2d 524, 528 (Mo.App., E.D.1992). "The motion court's findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, the appellate court is left with a definite and firm impression that a mistake has been made." *State v. Yarber*, 829 S.W.2d 479, 482 (Mo.App., E.D.1992). To prevail on a claim of ineffective assistance of counsel, appellant must show that (1) his attorney's performance was deficient, and (2) appellant's defense was thereby prejudiced. *Cook v. State*, 752 S.W.2d 483, 485 (Mo. App., E.D.1988). Prejudice occurs when

there is reasonable probability that counsel's unprofessional errors changed the outcome of the trial. *State v. Stepter*, 794 S.W.2d 649, 656 (Mo. banc 1990).

Defense counsel in a criminal proceeding is given "a heavy measure of deference" when deciding which witnesses are worth pursuing and which are not. *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991). Defense counsel is not obligated to investigate all proposed witnesses in all circumstances. *Crisel v. State*, 776 S.W.2d 909, 911 (Mo.App., E.D.1989).

Turning to the case before us, appellant alleged that his defense witnesses would have impeached the victim's character. Failure to call impeachment witnesses does not warrant post-conviction relief because the facts, even if true, do not establish a defense. *Lane v. State*, 778 S.W.2d 769, 771 (Mo.App., E.D.1989). Appellant also alleged these witnesses would have testified that Ms. Williams consented to the sexual acts which occurred on the date at issue. However, appellant testified following his sentencing that he could not remember giving these witnesses' names to his defense counsel. Specifically, appellant stated:

THE COURT: All right. Did you give Ms. Caradonna the names of any people you thought could be witnesses for you in your case?

THE DEFENDANT: I know I gave them to Teoffice Cooper, but I don't recall if I gave them to Ms. Caradonna or not. I believe my mother was supposed to give her some names and some addresses of some people but, you know, I didn't see nothing come about the witnesses.

We cannot find defense counsel ineffective for failing to call witnesses she never knew existed. *Sloan v. State*, 779 S.W.2d 580, 582 (Mo. banc 1989). Point denied.

Appellant next complains that he was improperly sentenced as a prior and persistent offender. Appellant claims this error because the court took notice of two of appellant's prior convictions in causes num-

---

**2.** Bipolar disorder is an affective syndrome bet- ter known as "manic depression."

bered 891–0190 and 891–2330, to prove his status as a prior and persistent offender. At the hearing where appellant's prior offenses were proved up by the State, however, the witness incorrectly stated the cause numbers as 871–00710 and 871–0092. Based on this misstatement, appellant claims the records of his prior convictions are not properly before the court. We disagree.

■ We begin our analysis by noting that appellant failed to raise this point in his motion for new trial. This point is, therefore, not properly before us. We review for plain error *ex gratia.* Rule 30.20.

■ Examining the record, we find that the correct cause numbers were listed in both the indictment and the judgment. The hearing appears to be the only place where incorrect cause numbers were used. Moreover, the cases presented at the hearing were the correct cases, they were simply identified by incorrect numbers. There is no doubt that appellant had actual notice of the prior offenses with which he was charged. Based on this finding, we conclude appellant has suffered no prejudice as a result of this alleged error. Point denied.

Appellant next finds error in the court's denial of his motion to quash the indictment or stay the proceedings because grand and petit jury selection procedures denied him a fair trial by a fair cross-section of the city. We disagree.

■ Judge Belt, an impartial arbiter from the 41st Judicial Circuit (Macon and Shelby Counties), found the City of St. Louis' grand jury selection practices to be completely impartial. *State v. Wheeler,* 845 S.W.2d 678, 681 (Mo.App., E.D.1993). The system involves random selection of names from a computer data base. As this system was in place and functioning at the time appellant was indicted, there is no doubt that grand jury was composed of a fair cross section. We note that appellant's argument has been made and rejected many times. *See State v. Kelly,* 851 S.W.2d 693, 698 (Mo.App., E.D.1993). Appellant has failed to present any new evidence to counter Judge Belt's findings.

As for appellant's similar claim regarding petit jury selection procedures, Judge Belt ordered all jury trials stayed on October 16, 1990, until jury selection procedures were corrected. That same day, the stay was lifted after the State's noncompliance with RSMo Chapter 494 had been cured. Appellant's trial did not occur until August 31, 1991, more than 10 months after the stay had been lifted. Again, appellant has adduced no new evidence to convince us that Judge Belt's order was unsatisfactory. Point denied.

■ Finally, appellant accuses the trial court of error based on the court's definition of the term "reasonable doubt" as being "firmly convinced of the defendant's guilt." This argument has been rejected by every Missouri appellate court, and we decline to accept it now. A veritable mountain of Missouri caselaw is unsupportive of Appellant's position. Point denied. Rule 84.16(b).

The judgment of the circuit court is affirmed in all respects.

SMITH and STEPHAN, JJ., concur.