STATE of Missouri, Respondent,

v.

Jerry Lee LITTLE, Appellant.

Jerry Lee LITTLE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 59452 and 62262.

Missouri Court of Appeals, Eastern District, Division Seven.

Aug. 17, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1993.

Application to Transfer Denied Oct. 26, 1993.

Mary Dames Fox, University City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals from convictions and sentences on three counts of murder first degree, one of murder second degree, two of forcible rape, two of robbery first degree, and one of attempted forcible rape. He was charged in one indictment and tried on all

charges as a class X offender on a substitute information. All of the murders were charged in the first degree. State sought the death penalty on each murder charge and submitted the issue on the three verdicts finding murder first degree. The sentences consist of nine life imprisonment terms, three of which are consecutive without probation or parole. This appeal also includes issues relating to denial of Rule 29.15 relief after an evidentiary hearing.

 The trial lasted approximately one month, a matter pertinent to defendant's first claim of error on direct appeal and a related claim for post-conviction relief. He contends the court committed plain error in allowing all the charges to be tried together where the evidence involved four different, unconnected events: the murders of Rose Jackson on December 19, 1985; Sr. Patricia Kelly on September 27, 1987; Imogene Jackson (no relation to Rose Jackson) on March 10, 1988; and Doris Hayes "between the 9th day of April, 1988 and the 10th day of April, 1988." Defendant's related point suggests trial counsel was ineffective for failing to request a severance. Neither claim has legal merit.

We know from the testimony of defense counsel at the evidentiary hearing for post-conviction relief that a carefully considered decision was made to try all the charges together. Defendant made· no objection to this strategic decision before trial. Counsel accepted the case when serving as a public defender. At the time of trial she was retained as counsel by defendant because she was no longer an employee of the public defender's office. The decision for one trial was made while serving as a public defender. It was a carefully considered decision which counsel justified as an attempt to save defendant's life. The plan was to concentrate on the sentencing phase on the murder charges and take advantage of the election of the state to bring all the charges in a single indictment by limiting defendant's exposure to one, not four juries. One important consideration for counsel was the state's notice of aggravating circumstances which would have allowed prior convictions and the existing other charges to be presented to each

jury in the sentencing phase if the murder charges were separately tried. Counsel knew defendant had made detailed confessions on television equipment for each of the murders and the related charges involving sexual offenses and robberies. The character of that evidence and its admissibility is not challenged. In this context the decision of counsel was based upon the virtual certainty that each murder charge would progress to a sentencing stage, given the existence of voluntary and detailed confessions and substantial evidence of guilt. The election to proceed in a single trial was defensible trial strategy and the avoidance of any death penalty in the joint trial confirms the wisdom of the decision.

Defendant's first claim of error is premised on a false assumption that the trial court had a legal duty to *sua sponte* order a severance of unrelated murder charges where there was no request and where there was strong support for a defense strategy to try all of the charges together. Defendant's right to a severance, if requested, was not before the trial court and is not an issue here. A joint trial by consent was not error, plain or otherwise. Rule 24.07; *State v. Durbin*, 835 S.W.2d 323, 326 (Mo.App.E.D.1992).

The related ineffective assistance of counsel claim also fails. The testimony of defense counsel at the evidentiary hearing supported the conclusion that a joint trial was appropriate strategy. The entire record and the result confirm the wisdom and skill of the defense counsel on this issue. *State v. Vinson*, 800 S.W.2d 444, 448 (Mo. banc 1990). Point denied.

 Defendant's second direct appeal issue alleges plain error in admitting evidence of defendant's prior unrelated robberies and rapes. This evidence consisted of defendant's statements on these events contained in the testimony of police officers. We find no error, plain or otherwise. His statements were admissible declarations against interests. *State v. Moiser*, 738 S.W.2d 549, 556 (Mo.App.1987). The statements were relevant to prove an intent to murder to prevent rape or robbery victims from identifying defendant, hence, pre-meditated acts. Proof of motive is a recognized exception to exclusion

of evidence of other crimes. *State v. Swederska*, 802 S.W.2d 183, 185 (Mo.App.1991).

▮ Defendant also claims error in admission of uncharged, non-criminal misconduct. A co-tenant of the apartment building where defendant lived was permitted to testify regarding sexual overtures made by defendant. The state offered this evidence to support defendant's description of how he dealt with Imogene Jackson, a co-tenant at the time of her killing. This claim is rejected for at least two reasons. First, the evidence was not excluded on defendant's motion in limine and was admitted without objection during trial. The issue is not preserved. *State v. Kenley*, 693 S.W.2d 79, 81 (Mo. banc 1985), *cert. denied*, 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986). Second, given the charges and the evidence, particularly the detailed confessions, this testimony was inconsequential on the issue of guilt or innocence. There is no possibility of prejudice.

▮ In separate complaints defendant seeks a new trial because the court allowed in evidence and allowed references in closing argument to a button and a handwritten poem found in his apartment. The button read, "I like women who resist a little." The subject of the poem was a proposed sexual encounter with a "starlet or harlot or hippy or grandma or schoolgirl or nun." There was an objection to admission of the poem, none for the button and none for references to the button in closing argument. The relevance of both exhibits is obvious. Both would have been admissible over a timely objection. Under the facts of this case the admission of these items could not have been prejudicial. Both complaints are without merit and are denied.

What remains are arguments of ineffective assistance of counsel which were rejected by the motion court after a Rule 29.15 evidentiary hearing. The claim regarding the joint trial on a single indictment-information has previously been rejected. Defendant has also presented a laundry list of matters of evidence for which there was no objection at trial. Significantly, defendant has not proven any prejudice flowing from any of the evidence admitted without objection. In view of the confessions and the vast multitude of inculpatory evidence, none of the matters referred to, considered separately or collectively, was of any consequence. Hence, we summarily dispose of the remaining arguments of ineffective assistance of counsel.

Testimony by police officers regarding prior convictions did not introduce new subject matter to the jury where the convictions were mentioned in selection of the jury. Testimony regarding defendant's intent not to return to prison was admissible even over objection. Testimony by a detective that defendant was raped when he was an inmate is related to defendant's intent not to return to prison and in any event was not shown to be prejudicial. Evidence that defendant's mother was a church going lady was hardly significant where one of the victims was a nun. Such evidence may have been beneficial. Prior service by Sr. Patricia Kelly as a volunteer at the Missouri State prison did not suggest matters unknown to the jury. Speculation by a witness that there may have been a connection between two of the murders has not been shown by movant to be prejudicial. Testimony of two female witnesses about conversations with or actions of defendant was in character with all the other evidence offered and no prejudice has been shown. Evidence that one of the Jackson victims was a church going lady is of little significance where one of the victims was a nun whose church-related activities are obvious. Finally, evidence that the defendant ran away after the death of Doris Hayes was admissible for a number of reasons even if a timely objection had been lodged.

▮ All of these matters were submitted without objection. The findings of the motion court on these matters as not prejudicial were not clearly erroneous as required by Rule 29.15(j) and a multitude of cases. The overriding answer to all of these sub-issues attacking trial counsel is the result referred to earlier in this opinion which some would consider to be a legal miracle. In the absence of prejudice the charges of ineffective assistance are meaningless. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

Because of the quality of the investigation and preparation of this case by the police

department, including the admissible confessions of the defendant, counsel for defendant was faced with the prospect of concentrating on the sentencing phase of the trial. The possibility of prejudice from events which occurred during the trial must be weighed against a potential recommendation of the jury that the sentence be death. This jury recommended life. The sentence, not the usual issue of guilt or innocence, was the real contest in this case. Defendant was not prejudiced by any act or failure to act by defense counsel whose performance was instrumental in obtaining a remarkable result. All of the assignments of ineffective assistance were rejected by the motion court whose rulings were supported by the whole record.

We affirm the convictions and denial of post conviction relief.

PUDLOWSKI and CRANDALL, JJ., concur.