STATE of Missouri, Respondent,

v.

Robert TUCKER, Appellant.

No. 61087.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 14, 1993.

John A. Klosterman, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Defendant was convicted by a jury of two counts of second degree robbery in violation of § 569.030 RSMo 1986, and sentenced to concurrent terms of twenty (20) years. Defendant appeals the trial court's judgment. Defendant also appeals the denial of his Rule 29.15 motion. We affirm.

Defendant does not challenge the sufficiency of the evidence, so we view the facts in the light most favorable to the verdict. On February 7, 1991, Donald Ring and Doris Neal were shopping at the Globe Drugstore on Cherokee. Defendant volunteered to carry their purchases to the car. After doing so, defendant asked them to give him a ride. While holding what Mr. Ring believed to be a gun to Mr. Ring's neck, defendant demanded that Mr. Ring give him his money. Mr. Ring complied and gave defendant $75.00 to $85.00 and defendant then fled the scene. Mr. Ring and Ms. Neal returned to the drugstore and called the police.

Later that same day, James and Betty Jauernig were shopping at the Shop and Save on Kingshighway when they were approached by defendant. They had been discussing the purchase of a washer and dryer. Defendant told them he knew where they could get a set. Defendant helped them carry their groceries to the car and asked them to give him a ride to their home so he could contact his brother about the washer and dryer. After making a phone call, defendant and Mr. Jauernig went to the bank where Mr. Jauernig withdrew $180.00 from the cash machine. They then went to where the washer and dryer supposedly were, and defendant then demanded the money at gunpoint, which Mr. Jauernig surrendered. Mr. Jauernig reported the incident to the police.

A few days later, Mr. Jauernig saw the defendant at a Schnucks store. Mr. Jauernig went home, got his sons, and went back to the store. Defendant was then apprehended and kept at the store until the police arrived. Defendant was later identified by the victims.

Defendant's first point is that the trial court erred in overruling defendant's objection to the prosecutor's comments during closing argument that defendant had not "proved up or established anything" and in denying the motion for a new trial. The record reflects the trial court sustained defendant's objections to the prosecutor's comments. In addition, the jury was instructed to disregard those comments and that the defendant has no burden of proof. Defendant does not contend the court's curative instruction to disregard those comments was insufficient. However, we have reviewed the record, *ex gratia,* and find no abuse of discretion by the trial court. Point denied.

■ Defendant's second claim of error is that he was subjected to double jeopardy because the trial court enhanced his sentence as a prior and persistent offender under § 558.016 RSMo and then found defendant was a class X offender under § 558.019 RSMo (Supp.1992). We disagree.

Defendant was convicted of two counts of second degree robbery in violation of § 569.030 RSMo 1986. Each of these crimes carries a maximum penalty of fifteen years in prison. § 558.011.1 RSMo (Supp.1992). The state established that defendant was a prior and persistent offender. This gave the trial court the discretion to sentence defendant to up to thirty years for each count. § 558.016 RSMo 1986. The trial court sentenced defendant to twenty years on each count with the sentences to be served concurrently. The state then proved defendant to be a class X offender as defined by § 558.019 RSMo (Supp.1992). As such, defendant is required to serve a minimum prison term of 80% of his sentence. Section 558.019.2(3) RSMo (Supp.1992).

Defendant contends that this sentencing implicates the Fifth Amendment guarantee against double jeopardy. Defendant claims that double jeopardy prohibits multiple punishment for the same offense absent a clear legislative intent to authorize additional punishment. Defendant argues that absent a clearly expressed intention by the Missouri legislature, it is impermissible to punish a Class X offender with both an enhanced penalty range under § 558.016 and a longer

minimum term of imprisonment under § 558.019.

The Missouri Constitution provides that "nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury; ..." Mo. Const. art. I, § 19. Since defendant was not acquitted by a jury in this case, the Missouri Constitution's double jeopardy clause is not implicated. The Double Jeopardy Clause of the United States Constitution is broader in that it also protects defendants from multiple punishments for the same offense. This protection is not total, however. The United States Supreme Court has held that the Double Jeopardy Clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983).

The arguments in this case are analogous to those raised in *State v. Ewanchen*, 799 S.W.2d 607 (Mo. banc 1990). In that case, the issue on appeal was whether the persistent offender statute may be applied when the offense actuating the sentence enhancement was itself enhanced from a misdemeanor to a felony by a separate statute. The Missouri Supreme Court relied on the plain meaning rule in making its determination. The Court stated, "[t]here is a straightforward argument for applying both enhancements; the plain language of the statutes permits application of both. The language is broad and inclusive. Neither statute prohibits application of the other. Where possible, statutes are to be given effect as written." *Id.* at 609.

In the present case, the plain language of § 558.019.2(3) renders it mandatory that a class X offender serve 80% of his sentence. The plain language of § 558.016 gives the trial court discretion to sentence a persistent offender to an extended term of imprisonment. As in *Ewanchen*, the plain language of the statutes permits application of both. Therefore, the Double Jeopardy Clause was not offended. Point denied.

■ Defendant's final point on appeal is that the motion court erred in denying his Rule 29.15 motion. Defendant claims that his trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney because trial counsel failed to file a motion to sever offenses.

In order to prevail on a claim of ineffective assistance of counsel, movant must show by a preponderance of the evidence that trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *State v. Lopez*, 836 S.W.2d 28, 35 (Mo.App.1992). There is a presumption that trial counsel is competent and her conduct was reasonable. *Id.* The decision of whether or not to file a motion to sever offenses is trial strategy. *State v. Little*, 861 S.W.2d 729, 731 (Mo.App.1993). Trial strategy generally does not constitute ineffective assistance of counsel. *Morrow v. State*, 782 S.W.2d 788, 791 (Mo.App.1989).

After an evidentiary hearing, the motion court denied defendant relief because "he failed to offer any evidence on these points." Having failed to offer evidence, defendant did not carry his burden of proof that trial counsel's performance was deficient.

Our review of a Rule 29.15 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App.1989); Rule 29.15(j). Such findings and conclusions are deemed clearly erroneous if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* After reviewing the record, we are not left with such an impression. Point denied.

The judgment is affirmed.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.