Michael GARRISON, Appellant,

v.

STATE of Missouri, Respondent.

No. 74486.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 4, 1999.

Henry B. Robertson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kenneth P. Ferguson, Assistant Attorney General, Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Movant appeals denial of Rule 29.15 post-conviction relief after an evidentiary hearing. We affirmed conviction and sentencing on two related felonies. *State v. Garrison,* 943 S.W.2d 847 (Mo.App. E.D. 1997).

We adopt the statement of facts reviewed in the direct appeal. Movant's first three claims of motion court error relate to allegations his trial counsel was ineffective: (1) because he failed to present testimony of available witnesses, movant's brother and sister, to support an allegation movant was arrested as a result of a warrantless, non-consensual entry; (2) because he failed to make an offer of proof to demonstrate that a hearsay objection by the state was erroneously sustained; and, (3) because he failed to effectively impeach the state's primary witness by use of a prior inconsistent statement. These points are without merit.

█ Movant alleged in paragraph 7(c) of his amended motion that trial counsel was ineffective for failing to present testimony from witnesses which would have "impeached" state's evidence and provided movant with a defense. Movant's trial counsel filed a motion to suppress because the police entered without a warrant and without permission. The state offered the testimony of arresting officers to support a finding they entered the home where defendant was arrested with permission of an occupant. Defendant was found hiding in a closet. Subsequently, his shoes were seized. During the trial, the state had the benefit of an inference of guilt from his conduct and incriminating evidence obtained from his shoes. Counsel offered no witnesses in support of the allegation that the police entered without permission. Defendant's brother and sister were known and available to testify in support of the allegation, but not called to testify at the pre-trial hearing.

█ Movant has overlooked the fact that the conduct of trial counsel at the suppression hearing is not the subject of the allegations of ineffective assistance of counsel in the Rule 29.15 motion. The post-conviction motion alleges trial counsel was ineffective "because the jury failed to hear evidence [which] would have contradicted the testimony of the state's witnesses." The trial court refused trial counsel's request to reopen the suppression hearing at the time of trial. Ineffectiveness in handling a motion to suppress is cognizable as a post-conviction issue. *Adams v. State,* 677 S.W.2d 408, 411–12 (Mo.App.1984). However, the issue in the present case is not ineffective assistance of counsel during the suppression hearing. We review the decision of the Rule 29.15 motion court. Counsel was not ineffective during the trial. Moreover, the testimony of movant's brother and sister in support of the motion to suppress would have created a legal dispute for the trial court, and not a matter for the jury as alleged in the motion. The testimony would only present a question of fact for the trial court based upon the opposing evidence offered by the arresting officers and contradicted by movant's relatives. It is unlikely the result would have been different.

We conclude the finding of the motion court was not clearly erroneous. *State v. Tokar,* 918 S.W.2d 753, 761 (Mo. banc 1996), *cert. denied,* 519 U.S. 933, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996); Rule 29.15(k).

The evidence presented at the Rule 29.15 hearing will not support a finding the conduct of counsel denied movant a fair trial and, thus, prejudiced the result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Point denied.

■ During cross-examination of the state's eyewitness, Tyrone Tipton, trial counsel obtained his testimony that, when interviewed by a police officer, he formed the belief that movant made him a suspect in the murder. Counsel then asked Tipton what the officer told him about movant's statement that accused him. The state objected on hearsay grounds. The trial court sustained the objection. The purpose of the inquiry was to show that Tipton had a motive to be untruthful because the interviewing police officer told him that movant was accusing him of the crimes. The question was directed at offering evidence of the witness' state of mind and his motive to testify against movant in retaliation for implicating him. For that purpose, the question would not call for hearsay. *State v. Chambers*, 891 S.W.2d 93, 104 (Mo. banc 1994). However, we rejected this matter as error on the direct appeal because movant failed to make an offer of proof "to establish how Tipton's statement would demonstrate his motive to lie." *Garrison*, 943 S.W.2d at 851. Movant did not offer evidence on the nature of Tipton's statement if he were permitted to answer. Movant argues his trial counsel was ineffective for failure to make the offer of proof.

■ We reject this claim of error for several reasons. First, there was no evidence offered to the motion court to support a finding that Tipton's excluded answer could, have or would have, changed the outcome of the trial. Movant must offer evidence to support a finding that he was prejudiced by the failure to make the offer of proof. The burden is upon movant. *State v. Tucker*, 866 S.W.2d 932, 934 (Mo.App. E.D.1993). On the contrary, there is a basis for finding that trial counsel's failure to make the offer of proof had no prejudicial effect. Prior to the hearsay objection and the failure to make an offer of proof, the answer which movant sought was previously given. Tipton already testified the officer told him why he was a suspect, that movant told the officer Tipton was at the scene of the crimes, not movant. The ruling of the trial court and the conduct of counsel did not deprive movant of an opportunity to argue to the jury that Tipton had a motive to testify untruthfully against movant. Point denied.

■ Third, movant argues that his trial counsel was ineffective for failing to impeach Tipton by utilizing conflicting statements on one issue. Tipton testified he could not remember what movant did with the pillowcase full of bloody items. Movant alleged, and argues, his counsel was ineffective for failing to impeach Tipton with a prior inconsistent statement where he said movant· deposited the pillowcase with the body when it was dumped. Movant argues, as a preliminary matter, that the trial court made insufficient findings to permit a review of this issue, a violation of Rule 29.15(j). The motion court found, generally, that trial counsel effectively cross-examined Tipton regarding his deposition and prior oral and tape-recorded statements.

The finding is sufficient to cover an allegation that counsel was ineffective because he failed to impeach Tipton on one of many conflicting prior statements. Counsel used Tipton's prior recorded statements and deposition to highlight numerous inconsistencies in his statements. When later questioned, counsel could not recall if he effectively impeached Tipton at trial with statements regarding the pillowcase. However, counsel testified "[t]here were so many inconsistencies in his statements. I mean, I had pages and pages of inconsistencies that I was trying to bring out from all the statements that [the prosecuting attorney] had talked about." In

the absence of evidence at the Rule 29.15 hearing to support a finding that questions regarding the pillowcase would have been significantly different than the use of numerous other prior inconsistent statements by Tipton, the result of the alleged failure is purely speculative. The motion court did not clearly err in rejecting the contention that the failure to mention one of many inconsistencies deprived movant of a fair trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *State v. Brown*, 950 S.W.2d 930, 933 (Mo. App. E.D.1997). Finally, as a general rule, impeachment of a witness will not warrant post-conviction relief unless the testimony offers a defense to the charged crimes. *State v. Day*, 859 S.W.2d 194, 196 (Mo.App. E.D.1993). Further impeachment of Tipton, as a State's witness, would not have offered a defense. There was evidence to support a finding that counsel's cross-examination demonstrated numerous inconsistent statements. Thus, the evidence was sufficient to support a factual finding that counsel was not ineffective for failing to mention the one inconsistency upon which movant relies. Point denied.

■ Movant's fourth claim of error argues the judge who heard the motion, also the trial judge, is not qualified to decide one of the issues. Movant argues the judge interfered "with jury deliberations because his ruling on this issue denied movant a fair and impartial hearing and due process of law, in that the record shows that the court had prejudged the issue and relied entirely on his status as a material witness in finding against movant." The judge ruled that "[n]o evidence was presented to support this claim. The court handled jury deliberations properly." Movant argues the second part of the finding makes clear that the judge was relying on his personal recollection as a trial judge. A judge who is a material witness to relevant facts on the merits is compelled to recuse himself in the name of funda-

mental fairness guaranteed by state and federal due process clauses. *Haynes v. State*, 937 S.W.2d 199, 202, 203–04 (Mo. banc 1996).

■ There is a discrepancy between movant's allegations in the motion for post-conviction relief and this point on appeal. Movant alleged in paragraph 8(a)(4): (1) his trial counsel was ineffective for failing to record each time the judge interfered with jury deliberations; (2) the judge allowed the state and trial counsel to listen outside the jury room while it was deliberating; and, (3) that after finding a majority of the jury in favor of guilt, the judge interrupted the jury and informed them that if they did not reach a decision by a fixed hour they would be required to return the following morning. Movant also alleged: (1) it was not only "unlawful for the judge to allow such practices, but it was a clear case of conflict of interest when my trial counsel took part in it and not to mention any of it in my files;" (2) on the second day of jury deliberations his trial counsel informed him the jury was voting against him ten to two; and, (3) "the judge could probably have granted a mistrial, or in the alternative, given the appeals court grounds to review my contentions of the [hammer]¹ instruction, which in my case, was coercive." These allegations appear to be directed at misconduct of counsel and activities of the court after the case was submitted, particularly, the submission of a hammer instruction.

■■ This claim of error fails for several reasons. First, there is no evidence to support a finding defense counsel was ineffective for failing to record actions of the court not otherwise in the record. The finding of the motion court that the evidence did not support this error is sufficient to reject an allegation that trial counsel was ineffective. Second, the accusations directed at the trial judge were not

---

1. The amended motion indicates a space without mention of "hammer". However, movant's original pro se motion uses "hammer".

presented as claims of error during the direct appeal. Third, the qualification of the motion court judge to decide the issue was not the subject of an objection at the time of the evidentiary hearing. The failure to object before or during the motion hearing waived the complaint. *Smith v. State,* 837 S.W.2d 25, 27 (Mo.App. W.D. 1992). Finally, trial counsel testified he was not aware of any improper conduct that occurred after the case was submitted to the jury. Point denied.

■ Movant's last argument of error contends the trial court failed to issue findings of fact and conclusions of law on additional issues, thus, foreclosing full review. These were alleged in movant's pro se motion and re-alleged in the amended motion as "Movant's Further Issues." He argues the unaddressed issues of ineffective assistance of counsel were: (1) failure to object to evidence of Tipton's immunity agreement; (2) failure to object to the use of a police report which was incomplete and used to impeach witnesses with statements that were not exact quotes; and, (3) failure of appellate counsel to preserve an issue concerning the testimony of a medical examiner because counsel did not argue a matter included in a point on appeal.

The state agrees Rule 29.15(j) and *State v. Burks,* 952 S.W.2d 319, 320 (Mo.App. E.D.1997) require findings of fact and conclusions on all fact issues presented. There are some exceptions. Findings are not required where the issue is one of law. *State v.Burks,* 952 S.W.2d 319, 320 (Mo. App. E.D.1997). Findings and conclusions are not required on matters not supported by substantial evidence at the motion hearing. *State v. Dunn,* 889 S.W.2d 65, 76 (Mo.App. E.D.1994).

Movant alleged that his trial counsel was ineffective for not objecting to the state's immunity agreement with Tipton. Particularly, he alleged, "[t]he State of Missouri didn't have the authority to give complete immunity to witnesses. Also, if counsel would have brought to light that such deals are made to reluctant witnesses, the jury would have heard or been aware of Tipton's unwillingness to carry out his testimony." Formerly, and at the time of this trial, prosecutors had no authority to enter into any such agreements and the agreements were unenforceable. *State ex rel. Munn v. McKelvey,* 733 S.W.2d 765, 769 (Mo. banc 1987). During the trial, a written agreement between the state and Tipton was offered and admitted without objection. Defense counsel referred to the agreement for impeachment purposes.

■ The motion court need not make findings on matters not alleged and not supported by evidence. *Dunn,* 889 S.W.2d at 76. Movant alleged counsel was ineffective for not objecting to evidence of the agreement; the state had no authority to grant complete immunity; and, counsel failed to "inform the jury" that such deals are made to reluctant witnesses. One allegation addresses a pure question of law for which no findings of fact were required. The other allegations in the motion were not supported by evidence at the motion hearing. Further, defense counsel used the agreement for the benefit of movant and there was no evidence to support a finding he was prejudiced on any of the grounds alleged. This sub-point is denied.

Movant alleged: (1) defense counsel was ineffective "for failing to object to the introduction of the whole police report that was a mere outline of its completeness"; (2) the requirement for completeness relates to the danger of admitting a statement out of context and applies when admission of the statement in an edited form distorts the meaning of the statement or excludes information, which is substantially exculpatory; and, (3) that alteration, omission or a changing of words might convey a meaning altogether different from what was actually said and reported in the report. By example, he refers to an interview by the state of a witness for a period of one hour and fifteen minutes, which consumed only one half page in the police report. He also refers to his own

seven-hour interview, which consumed only several pages in the report. He did not allege what was missing or how he was prejudiced.

There was no evidence at the motion hearing in support of these allegations. No finding of fact was required. *Id.*; Tucker, 866 S.W.2d at 934. There is no evidence to support a finding that the alleged conduct of counsel was prejudicial. This sub-point is denied.

Movant's last argument concerns the failure of appellate counsel to pursue an issue involving the medical examiner's deposition that was included in a *point relied* on in appellant's brief filed in the direct appeal. This point was not decided because it was unsupported by argument. Movant now argues the original cause of death was stabbing; but, Dr. Graham, the medical examiner, changed it to suffocation. Movant contends the affect of this change, if preserved in the direct appeal, may have increased the possibility the jury would have determined Tipton was guilty and found movant not guilty. He concludes, "Dr. Graham's testimony had the potential to be an [sic] outcome—determinative, and behooved counsel to be prepared to meet it."

Dr. Graham was thoroughly cross-examined at trial. Movant's argument is not based upon any evidence presented at the motion hearing. There was none to support a finding that appellate counsel's failure to argue this point was a deficiency which prejudiced movant. Thus, no finding of fact was required. This sub-point is denied.

We affirm.

ROBERT G. DOWD, Jr., C.J. and ROBERT E. CRIST, Senior Judge, concur.